*W. & W. W. Herod*, for appellees.

———————⊙———————

## O'DAILY *v.* MORRIS.

MARRIED WOMAN.—*Contract.*—Our statutes do not change the rule of the common law, so far as it applies to the contracts at large of a married woman, that she is incapable of binding herself by an executory contract, and that all such contracts made by her, whether in writing or by parol, are absolutely void at law.

SAME.—*Promissory Note.*—A married woman carrying on a business in her own name and living with her husband, whom by a written instrument she had made her agent to manage her business, borrowed for her own use a sum of money, which was delivered to her personally, for which she and her husband executed a promissory note, the payee relying on her for its payment.

*Held*, in a suit on the note, after the woman had been divorced from her said husband and while she was still unmarried, that she was not personally liable on the note.

APPEAL from the Tippecanoe Circuit Court.

ELLIOTT, C. J.—Morris sued Joanna O'Daily, the appellant, and Jeremiah O'Daily, before a justice of the peace, on a promissory note for seventy dollars, executed by them on the 3d of August, 1860. Jeremiah made default. Joanna appeared and answered in three paragraphs:

1. The general denial.

2. That she was a married woman when the note was executed, and it was therefore void.

3. That she was a married woman at the time of making the note, and it was not given for her separate debt.

On the hearing the justice rendered judgment against her, and she appealed to the circuit court, where the cause was

tried by the court without a jury, which resulted in a finding and judgment against the appellant for the amount of the note and interest. The facts upon which the finding and judgment were had appear in a special finding of the court, and are as follows: In 1858, Joanna was a married woman, and the lessee in her own right of a house and lot in Lafayette, in which she carried on a grocery and provision store, in her own name, and by a written instrument she made her husband her agent to manage her business; that on the 3d day of August, 1860, being still married and living with her husband and carrying on said business, she applied to the plaintiff to borrow seventy dollars, for her own use. The plaintiff loaned her the amount and took the note in suit therefor, relying on her for its payment. The money was handed to, and received by, Joanna personally. There was no evidence as to how the money was used. In 1865, Joanna was duly divorced from her husband and has since remained sole and unmarried.

We are not favored with a brief in behalf of the appellee, and are not aware, therefore, of the grounds on which he bases the right to recover against the appellant.

It is a rule of the common law, too familiar and well settled to need the citation of authorities, that a *feme covert* is incapable of binding herself by an executory contract, and that all such contracts made by a married woman, whether in writing or by parol, are absolutely void at law. There is nothing in the legislation of this State in relation to married women changing this rule of the common law, at least so far as it applies to such contracts at large. It is not sought in this case to render the separate estate of the wife liable for a debt created in reference to her separate estate and for its benefit, and we are not therefore called upon to discuss the doctrine on that subject, but may be permitted to refer to an elaborate discussion of it in *Yale* v. *Dederer*, 22 N. Y. 450. See, also, *Kantrowitz* v. *Prather*, at this term, p. 92, *ante*.

This is simply a suit at law upon a promissory note executed by a married woman, in which a personal judgment

is rendered against her. The note being void, it follows that the judgment upon it is erroneous and must be reversed.

Judgment reversed, with costs, and the cause remanded. for a new trial.

*H. W. Chase* and *J. A. Wilstach,* for appellant.

*W. C. Wilson,* for appellee.