## MAHER *v.* MARTIN.

MARRIED WOMAN.—*Contract.*—Where money is loaned to a married woman, her contract to repay it is not voidable merely, but absolutely void; and a promise made by her after the death of her husband to repay it is incapable of having vitality or binding force given to it, without some new and valuable consideration being given.

507

From the Clark Common Pleas.

*J. B. Meriwether,* for appellant.

PETTIT, J.—Martin sued Maher before a justice of the peace to recover for money loaned. The case was appealed to the common pleas, where it was tried by the court with a finding for the plaintiff. Motion for a new trial, for the reasons, " that the finding of the court herein is not sustained by the evidence, and is contrary to law." This motion was overruled, exception taken, and judgment on the finding. Overruling this motion is assigned for error. The evidence shows (and there is no conflict on this point), that at the

time the money was loaned, the defendant below, appellant here, was a married woman, and that the money was loaned in the presence of and counted by her husband and then handed to and by her put into a pocket book and placed in a bureau drawer. If this was a loaning to her, it did not and could not create any legal liability on her; she being a married woman, her contract was not voidable merely, but absolutely void and incapable, without some new and valuable consideration being given, of having vitality or binding force given to it by promises to pay made by her after the death of her husband, which event happened about two years after the money was loaned.

This ruling is fully sustained by *O'Daily* v. *Morris*, 31 Ind. 111; *Wiggins* v. *Keizer*, 6 Ind. 252; *Eakin* v. *Fenton*, 15 Ind. 59; Chit. Con. 46, 47, 48, 49; 2 Kent Com. 465; 1 Parsons Con. 434.

The judgment is reversed, at the costs of the appellee.