THOMAS ET UX. *v.* PASSAGE ET AL.

MARRIED WOMAN.—*Contract.*—Where, during the existence of the marital relation, medical treatment is rendered to a married woman, at her request and on her promise to pay the same out of her separate estate, such contract is absolutely void, and she is not liable for the value of such services.

SAME.—*Promissory Note.*—*Consideration.*—The only consideration of a promissory note, executed by a woman whilst a widow, was for medical attention and treatment rendered to her by the payee, during the lifetime of her deceased husband, at her request and on her promise to pay for the same out of her separate estate.

*Held,* that there was no consideration for the note and that she is not liable therefor in a suit thereon.

SAME.—*Pleading.*—*Complaint to Charge Wife's Separate Estate.*—In a suit to charge the separate estate of a married woman with the value of services rendered for her during the existence of a former marriage, at her request and on her promise to pay for the same out of her separate estate, the complaint must allege that, at the date of such promise, she was the owner of separate property, and must particularly and correctly describe it.

PRACTICE.—*Motion to Strike out Pleading.*—*Bill of Exceptions.*—The action of the court below, in sustaining a motion to strike out a paragraph of a pleading, presents no question for the decision of the supreme court, on appeal, unless such motion and the ruling of the court thereon are made a part of the record by a proper bill of exceptions.

From the Miami Circuit Court.

*H. J. Shirk* and *J. Mitchell,* for appellants.

*J. L. Farrar* and *J. Farrar,* for appellees.

HOWK, J.—In this action, appellee Henry V. Passage, as payee, sued the appellants on a promissory note, made by appellant Elnora C. Thomas, while a *feme sole,* by her then name of Elnora C. Parcels.

The original complaint averred simply the making of the note by the appellant Elnora C. Thomas, while a *feme sole*, her subsequent intermarriage with her co-appellant, John Thomas, and that the note, a copy of which was therewith filed, remained unpaid.

Subsequently, the appellee Henry V. Passage filed in the court below, a second paragraph of his complaint. In this paragraph, he alleged, in substance, that in the year 1868, and ever since, he had been a practising physician of Miami county, Indiana; that as a physician, on September 21st, 1868, and on divers other days and times in that and the following year, he was called to visit appellant Elnora C. Thomas, who was, during all his visits to her, a resident of Cass county, Indiana, some miles distant from his residence; that during all his said visits, said Elnora was very lame, sick, sore and greatly diseased, and much in need of his medical attendance and visits; that during the time of his said medical attendance and visits, said Elnora was a married woman, the wife of one Philip Parcels, who was then and ever after notoriously insolvent and worthless; that on his first professional visit to said Elnora, appellee Henry V. Passage told her that he could not afford to and would not attend her professionally during her sickness, and look to her husband, Philip, for pay therefor; that said Elnora then, and frequently afterwards, to induce him to continue his professional attention to her, promised him that if he would continue his professional attendance upon her, she, out of her separate individual estate, would pay him therefor, and that he need not look to her husband, Philip, for any part thereof; that upon the strength of said Elnora's said promise to pay as aforesaid, he continued his medical attendance upon her, until her recovery from said sickness, at which time his reasonable bill and charges for his said services, so rendered at her special instance and request, and on her special promise to pay, amounted to the sum of one hundred and sixty-

two dollars and fifty cents, all of which was more fully shown in a bill of particulars filed with and made part of said paragraph; that on the —— day of ——, 18—, said Philip, the husband of said Elnora, died, and afterwards, on or about the 11th day of May, 1871, while said Elnora was a *feme sole*, she fully acknowledged the justice of his said claim and her promise to pay the same, and by the name and style of E. C. Parcels, made and delivered to the appellee Henry V. Passage her certain promissory note for one hundred and sixty-two dollars and fifty cents, bearing ten per cent. interest and waiving valuation and appraisement laws; and that said note was due and unpaid. A copy of the note was filed with and made part of this paragraph of the complaint; and judgment was demanded for two hundred and fifty dollars, and all proper relief.

The bill of particulars contains items for "visits and medical attendance," from September 21st, 1868, to January 18th, 1869.

Appellant Elnora C. Thomas demurred to this second paragraph of the complaint, for the want of sufficient facts to constitute a cause of action. This demurrer was overruled by the court below, and to this decision appellants excepted.

Appellant Elnora C. Thomas answered the complaint in five paragraphs:

1. A general denial;

2. Admits the execution of the note sued on, as alleged in the complaint, but avers that it was given without any consideration;

4. Admits the execution of the note sued on, as alleged, but says that at the time she gave the note, she was the widow of one Philip Parcels, who died in Miami county, Indiana, on the —— day of ——, 18—, leaving no property or estate; that said note was given for a debt for medical services rendered by appellee Henry V. Passage to her former husband, Philip Parcels, and his

family, while he was alive, and while he and she lived together as husband and wife; that no part of said medical services, for which said note was given, was rendered for her at her request, nor upon her promise to pay for the same; and that no part of said services was rendered by said appellee, after the death of her said husband, Philip Parcels;

6. Admits the execution of the note sued on, as alleged, but says that said note was given for an account for services rendered her, while she was the wife of one Philip Parcels, and for no other or different consideration; that no new or valuable consideration for said note accrued against her, after she became a *feme sole.*

And appellant John Thomas answered the complaint, and said that he intermarried with his co-appellant, in August, 1873; that she brought him no property; and that no part of the consideration of the note sued on accrued against him.

Appellee Henry V. Passage demurred separately to the second, fourth and sixth paragraphs of the answer of the appellant Elnora C. Thomas, upon the ground, as to each of said paragraphs, that it did not state facts sufficient to constitute a defence to the action. The demurrer to the second paragraph of the answer was overruled; and the demurrers to the fourth and sixth paragraphs were severally sustained, and to these decisions appellants excepted.

On motion of appellee Henry V. Passage, the third paragraph of the answer was struck out, and to this decision appellants excepted. And said appellee replied by a general denial to the answer of appellant John Thomas.

The action being at issue was tried by the court, without a jury, and a finding made in favor of appellee Henry V. Passage for the amount of the note and interest. And the appellants moved the court in writing for a new trial of this action, which motion was overruled by the court,

and to this decision appellants excepted, and judgment was rendered upon the finding.

After the rendition of the judgment and before the appeal to this court, the judgment appears to have been duly assigned by the judgment-plaintiff to Josiah Farrar, who has, therefore, been made a party to the cause in this court.

Appellants have assigned in this court the following errors, viz.:

1. Overruling the demurrer of appellant Elnora C. Thomas to the second paragraph of the complaint;

2. Sustaining the demurrer of appellee Henry V. Passage to the fourth paragraph of the answer of the appellant Elnora C. Thomas;

3. Sustaining the motion of appellee Henry V. Passage to strike out the third paragraph of the answer of appellant Elnora C. Thomas;

4. Sustaining the demurrer of appellee Henry V. Passage to the sixth paragraph of the answer of appellant Elnora C. Thomas;

5. Error in finding a judgment for appellee Henry V. Passage;

6. Overruling appellants' motion for a new trial.

The question presented for our consideration by the first error assigned, in our opinion, is decisive of this action. The question is this: Are the facts stated in the second paragraph of the complaint sufficient to constitute a cause of action against the appellant Elnora C. Thomas?

It appears, from the averments of this second paragraph, that, in the years 1868 and 1869, appellant Elnora was a married woman, the wife of one Philip Parcels, "who was then and ever afterwards notoriously insolvent and worthless." And it was alleged, that on the 21st day of September, 1868, the appellee Henry V. Passage, who was then a physician, was called to visit said Elnora, who "was very lame, sick, sore and greatly diseased, and much in need of his medical attendance and visits." On

his first professional visit to said Elnora, appellee Henry V. Passage "told her, that he could not afford to and would not attend her professionally during her sickness, and look to her husband, Philip, for pay therefor." And it was then averred, that said Elnora, "then and frequently afterwards, to induce him to continue his professional attention to her, promised him that if he would continue his professional attendance upon her, she, out of her separate individual estate, would pay him therefor, and that he need not look to her said husband, Philip, for any part thereof." Upon the strength of said promise of said Elnora to pay him, he continued his medical attendance upon her, until her recovery, when his reasonable bill for his said services, rendered upon her said special promise to pay therefor out of her own separate estate, amounted to one hundred and sixty-two dollars and fifty cents. And for this sum, after the death of her said husband, Philip, and before her marriage to her co-appellant, while she was a *feme sole*, she executed and delivered to the appellee Henry V. Passage her promissory note, sued on in this action, which was then due and unpaid.

The real question in this case is, was this special promise of the appellant Elnora, to pay for necessary medical services rendered her during her coverture, out of her own separate estate, a valid and binding promise, or was it, under the law, absolutely null and void? If her promise was valid and binding, it would afford a legal and sufficient consideration for her subsequent execution of the note in suit; but if, on the other hand, her said promise was null and of no binding or legal force, then it afforded no sufficient consideration for her execution of the note sued on, and without some other new and valuable consideration, arising therefor after she had become a *feme sole*, she would not be bound by law to pay the note.

The law is well settled in this state, that a married woman can not, during her coverture, make any contract

which will be valid and binding on her, personally. In the case of *O'Daily* v. *Morris*, 31 Ind. 111, this language was used by ELLIOTT, C. J., who announced the decision of this court:—"It is a rule of the common law, too familiar and well settled to need the citation of authorities, that a *feme covert* is incapable of binding herself by an executory contract, and that all such contracts made by a married woman, whether in writing or by parol, are absolutely void at law. There is nothing in the legislation of .this state in relation to married women changing this rule of the common law, at least so far as it applies to such contracts at large."

The only legislation of this state, which has any bearing upon the subject now under consideration, is found in the fifth section of. "An act touching the marriage relation and liabilities incident thereto," approved May 31st, 1852, which section is as follows:

"SEC. 5. No lands of any married woman, shall be liable for the debts of her husband; but such lands and the profits therefrom, shall be her separate property, as fully as if she was unmarried: *Provided*, That such wife shall have no power to incumber or convey such lands, except by deed, in which her husband shall join." 1 R. S. 1876, p. 550:

And in the fifth section of an act passed in 1853, all of which act except said fifth section was unconstitutional, which said fifth section reads as follows:

"SEC. 5. The personal property of the wife held by her at the time of her marriage, or acquired during coverture by descent, devise, or gift, shall remain her own property to the same extent and under the same rules as her real estate so remains, and on the death of the husband before the wife, such personal property shall go the wife, and on the death of the wife before the husband, shall be distributed in the same manner as her real estate descends, and is apportioned under the same circumstances." 1 R. S. 1876, p. 412, note 2.

It seems, therefore, that while the property, real and personal, of a married woman remains her separate property, as fully as if she was unmarried, yet she can not, in this state, as a general rule, contract in such manner, during coverture, as will incumber her separate property or pass the title to her real property, except by deed or mortgage, in which her husband shall join. As an exception to this rule, however, it has been repeatedly held by this court, that a married woman may, during coverture, charge her real estate by her contracts relating thereto, which are conscionable and for the betterment of her estate, and which are reasonably calculated to make the estate profitable to her, to preserve the property, or to protect and defend her title thereto. *Kantrowitz* v. *Prather*, 31 Ind. 92; *Smith* v. *Howe*, 31 Ind. 233; *Lindley* v. *Cross*, 31 Ind. 106; *Sharpe* v. *Clifford*, 44 Ind. 346.

The theory upon which these decisions rest is this: by our statutes, a married woman is entitled to the full and complete enjoyment of her separate property, to the same extent as if she was unmarried; and whatever, therefore, is necessary and proper to be done, to secure to her such full and complete enjoyment, she may by contract cause to be done, and charge her separate estate therewith.

In the case at bar, the contract or promise of the appellant Elnora, while she was a married woman, was not a contract for the betterment of her separate estate, or for the protection of her title thereto. She was greatly diseased and much in need of a physician. She could not obtain the services of a physician upon the credit of her husband, for he was notoriously insolvent and worthless. When she called the appellee Dr. Passage to visit her, he frankly told her that he could not afford to and would not attend her professionally, upon the credit of her husband. To induce him to continue his professional attendance upon her, she then and frequently afterwards promised him that if he would continue his professional

attendance upon her, she would pay him therefor out of her own separate estate, and he need not look to her husband for any part of his bill. And relying upon her said special promise, and upon the strength of it alone, he continued his medical attendance upon her until her recovery.

This is the case, as made by the second paragraph of the complaint. If ever there was a case, where a married woman's promise ought to be a charge upon her separate estate, the case stated in this second paragraph, if true, is such a case. And if there was ever a case, in which this court would be justified in making a little law, in order to uphold and enforce an invalid and void contract, in the interest of good conscience and fair dealing,—in our opinion, the case stated in the second paragraph of the complaint, if true, is just such a case. But we are not legislators. We have nothing to do with enacting laws; it is our duty only to construe them.

In our opinion, the promise of the appellant Elnora, made while she was a married woman, to pay her doctor's bill, for services rendered her during coverture, out of her separate estate, was invalid and void, and constituted no legal charge upon or against her separate estate; that, being invalid and absolutely void, the said promise so made did not afford any consideration for the execution of the note in suit; and it appearing upon the face of the second paragraph of the complaint, that the note sued on was executed for said doctor's bill, and upon no other consideration, that, therefore, the said second paragraph of the complaint did not state facts sufficient to constitute a cause of action. *Maher* v. *Martin*, 43 Ind. 314.

There was another objection to this second paragraph of the complaint, which was presented by the demurrer thereto for the want of sufficient facts therein, and which we will notice in the interest of good pleading. Although the object of this second paragraph was confessedly to charge the separate estate of the appellant Elnora with

the payment of her alleged indebtedness therein described; yet, very singularly, it was not averred in this paragraph, that she ever had, or had then, any separate estate of any kind. In such a suit as this, we think the complaint should state, among other things, that the married woman was, at the date of her alleged promise or contract, the owner of a separate estate, and that this separate estate should be particularly and correctly described in such complaint; and that, without these averments, the complaint must be held bad, upon a demurrer thereto for the want of sufficient facts.

The third error assigned presents no question for our consideration, because the motion mentioned therein, and the ruling of the court thereon, were not made a part of the record of this cause, by a proper bill of exceptions; and the other errors assigned present the same matters as the first error, which we have already fully considered.

The judgment of the court below is reversed, at the costs of the appellees, and cause remanded, with instructions to sustain the demurrer of appellant Elnora C. Thomas to the second paragraph of the complaint, and for further proceedings.