THE AMERICAN INSURANCE CO. OF CHICAGO v. AVERY ET UX.

MARRIED WOMAN.—*Promissory Note.*—*Insurance.*—*Contract.*—A married woman is not liable on her promissory note executed by her in consideration of a policy of insurance on her separate property; and a contract for such insurance is not one for the betterment of her estate, which can be enforced.

From the Marion Superior Court.

*V. Carter* and *W. H. Ripley*, for appellant.

HOWK, J.—In this action, the appellant, as plaintiff, sued the appellees, as defendants, in the court below, on a promissory note, executed by the appellees to the appellant.

The appellant's complaint was in three paragraphs. As no question is made in this court in regard to the sufficiency of the complaint, we need not set it out in this opinion. We set out, however, a copy of the note sued upon, as follows:

"$120.00. For value received, in policy No. 136,961,

dated the 2d day of August, 1873, issued by the American Insurance Co., of Chicago, Ill., I promise to pay said company the sum of thirty dollars and — cents on the 1st day of August, 1874, and thirty dollars and — cents on the 1st day of August, 1875, and thirty dollars and — cents on the 1st day of August, 1876, and thirty dollars and — cents on the 1st day of August, 1877.

(Signed,) " Leon S. Avery,
" E. O. Avery."

The appellant also filed with and made part of its complaint a copy of the appellees' application for the policy of insurance mentioned in the note, in substance, as follows:

"Application of Elizabeth O. Avery, of Wayne township, in Marion county, Indiana, for insurance against loss by fire and lightning, by the American Insurance Company, of Chicago, Illinois, for the sum of six thousand dollars, for the term of five years from the 2d day of August, 1873."

Then follows a description of the property to be insured, being a dwelling-house, household goods, barn and shed, grain and hay, and of the land on which the same were situate, and many questions and answers in relation to the property. The application concluded as follows:

" The foregoing is a correct description of the property to be insured, on which the insurance will be predicated. If any instalments upon the premium shall remain due and unpaid thirty days, then the policy issued upon the application, in consideration of such instalment, shall be null and void, until the same is paid."

This application was signed by " E. O. Avery," and " Leon S. Avery."

. In its complaint, the appellant prayed judgment against the appellees for the amount of the note, and that said judgment be made a charge and lien on the real estate described in the complaint, and for a decree for the issue of an execution against the rents and profits of said real

estate, for the satisfaction of said judgment, and, if the sale of said rents and profits will not satisfy said judgment, then a decree for the sale of said real estate to satisfy said judgment and costs.

To this complaint, the appellees jointly answered, in four paragraphs, the first being a general denial, and each of the other three paragraphs setting up affirmative matters by way of defence. As no question is made in this court in relation to the sufficiency of the appellees' joint answer, we need not notice it further.

The appellee Elizabeth O. Avery separately answered, in two paragraphs, the appellant's complaint, in substance, as follows:

1. A general denial; and,

2. That, at the time of the issuing of said policy of insurance by the appellant, and at the time of the execution of the note in suit, she, the said Elizabeth O. Avery, was, and ever since had been, a married woman; and that the said policy of insurance was not, and never had been, for the benefit or betterment of her individual estate or property. Wherefore she prayed judgment for her costs.

The appellant demurred to the second paragraph of the separate answer of the appellee Elizabeth O. Avery, upon the ground that it did not state facts sufficient to constitute a defence to the action, which demurrer was overruled by the court below at special term, and to this decision the appellant excepted.

The appellant then replied by a general denial to the second paragraph of said separate answer.

The cause, having been put at issue, was tried by the court at special term, without a jury, and a finding was made in favor of the appellant, as against the appellee Leon S. Avery, for the amount due on the note in suit. The court also found for the appellee Elizabeth O. Avery, against the appellant. Judgment was rendered by the court at special term on each of its said findings. The appellant's motion for a new trial was overruled, and its

exception to this ruling was duly saved. From the judgment of the court below at special term, an appeal was taken by the appellant to said court in general term, where said judgment was duly affirmed, and from this judgment of affirmance this appeal is now here prosecuted.

In this court, the appellant has assigned, as error, the judgment of the court below in general term, affirming the judgment of said court at special term. This brings before us the errors assigned by the appellant in the court below, in general term. So far as we need to consider them, these errors were as follows:

1st. The overruling of the appellant's demurrer to the second paragraph of the separate answer of the appellee Elizabeth O. Avery.

2d. The overruling of the appellant's motion for a new trial.

There is no controversy between the parties in this court, as we understand them, in regard to the actual facts of this case. Before, and at the time of, the execution of the note in suit, and of the policy of insurance, mentioned in said note, and of the application for said insurance, and ever since, the appellee Elizabeth O. Avery was, and had been, a married woman, the wife of her co-appellee, Leon S. Avery. The property covered by said policy, and insured by the appellant against loss or damage by fire or lightning, was her separate property. The note in suit was given for the premium charged by the appellant for said insurance. She signed both the premium note and the application for said insurance, each of which was also signed by her said husband and co-appellee, Leon S. Avery. These were the facts in this case, and the questions for our decision upon these facts are these:

1. Was the note in suit a valid and binding contract, or was it absolutely void as to the appellee Elizabeth O. Avery?

2. Was the separate property or estate of said Eliza-

beth O. Avery, under the facts stated, charged with, or in any manner bound for, the payment of the money evidenced by said note, and for which the note was given?

1. It is the settled law of this State, that a married woman, during her coverture, can not make a promissory note which will be valid and binding on her. In the case of *O'Daily* v. *Morris*, 31 Ind. 111, it was said by ELLIOTT, J., in delivering the opinion of the court: "It is a rule of the common law, too familiar and well settled to need the citation of authorities, that a *feme covert* is incapable of binding herself by an executory contract, and that all such contracts made by a married woman, whether in writing or by parol, are absolutely void at law. There is nothing in the legislation of this State in relation to married women changing this rule of the common law, at least so far as it applies to such contracts at large." *Bowers* v. *Van Winkle*, 41 Ind. 432; *Hodson* v. *Davis*, 43 Ind. 258; *Maher* v. *Martin*, 43 Ind. 314; *Brick* v. *Scott*, 47 Ind. 299; and *Thomas* v. *Passage*, 54 Ind. 106. The note in suit, in the case now before us, was absolutely void as to the appellee Elizabeth O. Avery.

2. It is very clear to us, that the separate property or estate of the appellee Elizabeth O. Avery, under the facts stated in the record of this cause, was not charged with, nor in any wise bound for, the payment of the money evidenced by the note sued upon. It must be conceded, however, that there is some confusion and uncertainty in the decisions of this court, touching the contracts of married women and the enforcement thereof, by process of law, against their separate estates. No doubt this confusion, to some extent at least, has grown out of the unbending rigor of the meagre legislation of this State on the subject-matter of those decisions, and the desire of the court, in the interest of equity, good conscience and fair dealing, to ameliorate as far as possible the seeming harshness of the few statutory rules applicable thereto. It will not be questioned, we apprehend, that the rights

. of property incident to or connected with the marriage relation, and the right and power of a married woman over her separate estate, and her right and power to alienate or encumber, during the coverture, such separate . estate, and the manner thereof, are all proper subjects of . legislative action. This being conceded, as we think it must be, it follows of necessity, that the only safe rule for · the guidance of the courts, in actions brought to enforce · by law the contracts of married women against their . separate estates, for the purpose of determining the validity of such contracts, and whether they can or can not be enforced against such separate estates, is the exact letter of the statute in such cases made and provided. Any other rules will lead, as they have done, to confusion and . uncertainty.

In· and by the proviso of section 5 of "An act touching- : the marriage relation and liabilities incident thereto," approved May 31st, 1852, in relation to the lands of a married woman and her power over such lands, this statutory rule is laid down, positively, unequivocally and without · any exception, in these words:

"*Provided*, That such wife shall have no power to incumber or convey such lands, except by deed, in which her husband shall join." 1 R. S. 1876, p. 550.

· By the 5th section of an act passed in 1853, all of which act, except said 5th section, was unconstitutional, this same statutory rule was extended and made applicable to "The personal property of the wife held by her at the time of her marriage, or acquired during coverture by descent, devise, or gift." 1 R. S. 1876, p. 412, n. 2.

Under these statutory provisions, it seems very clear to· us, that a married woman in this State, during coverture, has no power whatever to incumber in any manner, or to· convey her separate estate, "except by deed, in which . her husband shall join." So the law is written by the· law-making power of this State, and so, we think, it will ·have to be construed, until it is changed by the same·

power.   We are aware that it has been held by this court, in a number of cases, "that a married woman may, during coverture, charge her real estate by her contracts relating thereto, which are conscionable and for the betterment of her estate, and which are reasonably calculated to make the estate profitable to her, to preserve the property, or to protect and defend her title thereto." *Thomas* v. *Passage, supra,* and authorities there cited.   Of course it is not intended, in what we have here said, to overrule any of the cases referred to, because the questions involved therein are not now before us; but we may properly say, in reference thereto, that it seems to us, the doctrine of most, if not all, of those cases is in conflict, and can not well be reconciled,with the statutory provisions before cited.   In our opinion, a married woman may not, during coverture, charge her real estate, so as to incumber the same, "except by deed, in which her husband shall join."   It is clear, we think, that the word "deed," in the statute cited, is not used in the sense of a conveyance of the real estate, or of any particular estate therein, as applied to the manner in which a married woman may incumber her lands.   In its legal sense, a "deed" is an instrument in writing, upon paper or parchment, between parties able to contract, subscribed, sealed and delivered; but by an act approved December 23d, 1858, a seal or ink scroll is no longer necessary to the validity of a deed, in this State. 1 R. S. 1876, p. 363, n. 1.

It seems to us, therefore, that, under the statutes of this State, a married woman can not charge her separate estate in such manner as to encumber the same, except by deed—by an instrument in writing, signed and delivered— in which her husband shall join.   *Behler* v. *Weyburn,* 59 Ind. 143; *Glidden* v. *Strupler,* 52 Pa. State, 400.

In the case at bar, the premium charged by the appellant for the  insurance of the separate property of the appellee Elizabeth O. Avery, evidenced by the note in suit, was not made a charge on her separate estate by her

deed, in which her husband joined; and, therefore, her separate estate can not be subjected, by legal process, to the payment of said premium note or of the money evidenced thereby.

Of course, what we have said in this opinion can not have any possible reference to, or bearing upon, the statutory liens of mechanics and other persons, or the enforcement of such liens, as provided for in article 36 of the practice act, and the several amendments of different sections of said article. 2 R. S. 1876, p. 266, et seq.

In conclusion, we hold, that no error was committed by the court below in general term, in affirming the judgment of said court at special term, in this case.

The judgment of the court below in general term is affirmed, at the appellant's costs.

Petition for a rehearing overruled.