## HINSEY ET UX. *v.* FEELEY.

ACTION TO DECLARE JUDGMENT VOID.—*Married Woman.*—An action can not be maintained by a married woman to have a personal judgment rendered against her upon a simple contract declared void, though her coverture and the nature of the indebtedness appear upon the face of the complaint in such case.

SAME.—*Review of Judgment.*—*Justice of the Peace.*—The proper remedy in such case is by an action to review such judgment.

Query: Can a review be had of a judgment rendered by a justice of the peace?

From the Tippecanoe Circuit Court.

*F. W. Coombs* and *A. Parsons*, for appellants.

*J. F. McHugh*, for appellee.

PERKINS, J.—This was a suit to obtain a judgment declaring void a certain other judgment, a transcript of which was filed with the complaint.

The facts are these :

Patrick Feeley commenced suit on an account for goods sold and delivered, against Samuel Hinsey and Maria, his wife, and procured a writ of attachment. Seven dollars were made by the attachment proceeding.

On the 24th day of February, 1870, the defendants appeared by counsel, and the cause was continued to the 26th of March, 1870. On that day the defendants were defaulted, and a personal judgment was rendered against the defendants, Samuel Hinsey and Maria A., his wife, the record showing that the said Maria was a married woman, the wife of said Samuel. The judgment, as we have seen, was upon simple contract, and was for forty-three dollars and fifty cents.

On the 29th of March, 1870, a transcript of the judgment was filed in the office of the clerk of the court of common pleas of said county, that it might become a lien upon the real estate of said Maria A. Hinsey. The complaint in this cause, praying that said judgment might be declared void as against said Maria, for the reason that it appeared upon its face to have been rendered against a married woman upon contract, was filed in the Tippecanoe Circuit Court on the 11th day of August, 1876, and on the 13th day of January, 1877, that court sustained a demurrer to the complaint, and rendered final judgment against the plaintiffs. Exception was entered.

Counsel for appellee in his brief says:

" The proposition for the determination of the court is this : Where a complaint shows upon its face that one of the defendants is a married woman, is it necessary for her

to set up her coverture as a defence? We say it is—that she must set it up by way of answer or demurrer to the complaint; otherwise it is waived."

It was decided by this court, in *Emmett* v. *Yandes*, 60 Ind. 548, that a personal judgment against a married woman, where the coverture appeared upon the face of the complaint in the cause, was erroneous and might be reversed upon a complaint for review.

But such a judgment is not void, and can not be attacked collaterally. The court had jurisdiction of the subject-matter and persons. The present is not a suit for review and reversal of the judgment, but to have it declared a nullity—void. Such a suit can not be maintained while the judgment remains in force. Perhaps the judgment in this case, having been rendered before a justice of the peace, could not be reviewed, but this question is not now presented; and it might have been appealed from.

There was no error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.