WILLIAMS, BY HIS NEXT FRIEND, v. WILBUR, EXECUTOR.

MARRIED WOMEN.—*Contracts of, when Void.—Separate Estate.—Act of* 1879 *does not Affect Prior Contracts.*– Under the provisions of section 5 of " An act touching the marriage relation," etc., 1 R. S. 1876, p. 550, a married woman could charge her separate estate in such manner as to encumber the same, only by an instrument in writing, signed and delivered, in which her husband should join ; and a written contract executed by her prior to the passage of the act of 1879, "concerning married women," Acts 1879, p. 160, by which she acknowledged herself indebted to a certain person, in a certain amount, for money, materials and labor furnished and used in improving her separate real estate, is void in law, as such act of 1879 does not give validity to contracts made prior to its passage.

From the Ohio Circuit Court.

*A. C. Downey, D. T. Downey, H. S. Downey, R. L. Davis* and *L. N. Pattison,* for appellant.

*J. B. Coles, J. D. Haynes* and *J. K. Thompson,* for appellee.

HOWK, J.—This was a suit by the appellant, an infant, by his next friend, against the estate of Emeline Williams, deceased, of whose last will and testament the appellee, David S. Wilbur, was the sole executor.

The appellant's claim or cause of action was founded upon a written instrument executed by the said Emeline Williams in her lifetime, of which written instrument the following is a copy :

" RISING SUN, April 28th, 1868.

" I, Emeline Williams, hereby acknowledge myself indebted to Hugh D. Williams twenty-eight hundred and sixty dollars, for money, materials and labor furnished me by his father, H. T. Williams, in building and improving my house and lots on the corner of Main and High streets, and house on farm.

(Signed,)        " EMELINE WILLIAMS."

At the time she executed this written acknowledgment,

the said Emeline Williams was a married woman, the wife of H. T. Williams, mentioned in said writing as the father of the appellant. In the progress of the cause in the court below, the appellant filed, at different times, three paragraphs of complaint, each counting upon the aforesaid written instrument; in each of which paragraphs it was alleged, that the " money, materials and labor " mentioned in said writing, were furnished by the appellant's father, for and at the request of said Emeline Williams, in the improvement and betterment of her real estate, and were necessary and proper for her full and complete enjoyment of said real estate; and that the said Emeline Williams, in and by the said written instrument by her executed, intended to and did charge her said real estate with the payment to the appellant of her said indebtedness therein mentioned. This was the substance of each of the several paragraphs of the appellant's complaint.

After divers motions to strike out and demurrers, by the appellee, had been ruled upon by the court, and exceptions entered to the different rulings, the cause was put at issue, and a trial by the court resulted in a finding for the defendant, the appellee.

The appellant's motion for a new trial having been overruled, and his exceptions saved to this decision, judgment was rendered on the finding, from which judgment this appeal is now here prosecuted.

In this court, the appellant has assigned, as errors, the several decisions of the court below, adverse to him. It is not necessary that we should set out these alleged errors, or comment on them, in detail in this opinion, as we are clearly of the opinion that " the merits of the cause have been fairly tried and determined," and a right conclusion reached, in the court below. This appears from the record, and, in such a case, section 580 of the practice act forbids

that the "judgment be stayed or reversed, in whole or in part." 2 R. S. 1876, p. 246.

The record shows that, upon the trial of this cause, after the aforesaid written instrument had been given in evidence, " the plaintiff then admitted that Emeline Williams, at the date of the above contract, and for three years prior thereto, was the wife of Hugh T. Williams, the next friend in this action." Under this admission, it is very clear that the written contract in suit, executed by the said Emeline Williams during her coverture, was absolutely void at law. *Thomas* v. *Passage*, 54 Ind. 106.

This was the rule of the common law, and there was nothing in the legislation of this State, in relation to married women, which changed this rule, in so far as it applies to such contracts as the one now in suit, at least until the act entitled "An act concerning married women," approved March 25th, 1879, became a law. Acts 1879, p. 160. But whatever construction may be placed upon the provisions of this act; it is very certain, we think, that those provisions will neither vitalize nor give validity to such contracts of married women as the one sued on in this action, made prior to the passage of said act.

When Emeline Williams executed the written contract now in suit, on the 28th day of April, 1868, section 5 of "An act touching the marriage relation and liabilities incident thereto," approved May 31st, 1852, was the only legislation of this State which had any direct bearing on the validity of such contract, and the power of a married woman, during coverture, to charge her separate real estate with the payment of her indebtedness. 1 R. S. 1876, p. 550. In this section, it was expressly provided that a married woman " shall have no power to incumber or convey" her lands " except by deed, in which her husband shall join." This section has recently been the subject of

full and careful consideration by this court, and we have reached the conclusion, that in no event, under its provisions, could a married woman " charge her separate estate in such manner as to encumber the same, except by deed— by an instrument in writing, signed and delivered—in which her husband shall join." *The American Ins. Co of Chicago* v. *Avery*, 60 Ind. 566. *Hamar* v. *Medsker*, 60 Ind. 413 ; *Behler* v. *Weyburn*, 59 Ind. 143 ; and *Glidden* v. *Strupler*, 52. Pa. State, 400.

The cases cited are decisive of the case now before us.

The judgment is affirmed, at the appellant's costs.

Petition for a rehearing overruled.