### WOODEN v. WAMPLER ET AL.

MARRIED WOMAN.—*Promissory Note.*— *Contract.*—*Executor.*—In a complaint by A. against B. and others, it was alleged substantially, that in 1865 the plaintiff loaned to B., a married woman, a certain sum of money, for which she, jointly with her husband, executed a promissory note ; that B. agreed with the plaintiff that, if she should be unable to pay the money before the death of her father, the loan should be satisfied out of her share of his estate ; that her said father died testate, making the plaintiff and another his executors, and devising to them his real estate, which he charged with the payment of a legacy to B in annual instalments ; that said B., for the purpose of defrauding the plaintiff, had assigned her interest in the estate, to her children, who were made defendants, for the sole consideration of love and affection ; that the first instalment of said legacy was due. Prayer that the claim of B., and the lien created by the will, on the plaintiff's lands, be satisfied to the amount of the plaintiff's claim against B., and that B.'s said children, as assignees of her claim, be enjoined from suing the plaintiff or his co-executor on said claim, etc.

*Held,* that the contract of B., being that of a married woman and entered into prior to the act of March 25th, 1879, Acts 1879, p. 160, was void and can not be enforced.

*Held,* also, that the appointment of A. as executor gave him no greater legal or equitable rights in the premises than he would have had without such appointment.

From the Owen Circuit Court.

*W. R. Harrison, S. O. Pickens* and *W. S. Shirley,* for appellant.

*W. A. Montgomery, J. C. Robinson* and *I. H. Fowler,* for appellees.

SCOTT, J.—Wooden was the plaintiff in the circuit court. In his complaint he alleged, substantially, the following

facts :   That, on the 19th day of August, 1865, he loaned Mary A. Wampler the sum of five hundred dollars, for which she executed to him her promissory note, due one day after date, with ten per cent. interest after maturity, and that Mary A. Wampler was a married woman, and her husband joined in the note ; that both Mary A. and her husband were insolvent ; that the money was borrowed for the purpose of buying a home ; that said Mary did buy a home with the money ; that she afterward sold the home and squandered the money ; that said Mary A. agreed with the appellant that, if she should be unable to pay the money before the death of her father, William Alexander, the loan should be satisfied out of her share of the estate of her said father, William Alexander ; that afterward said William Alexander died testate ; that by his will said William Alexander devised to the appellant and his wife, and the appellee James M. Alexander, all his real estate, amounting in value to twenty-five thousand dollars ; that said William Alexander bequeathed to his daughter, the appellee Mary A. Wampler, the sum of four thousand dollars, which was made a charge upon the real estate, and to be paid to Mary A. in annual payments of one thousand dollars, the first payment to be made one year after the death of the said William Alexander ; that the appellant and the appellee James M. Alexander were appointed executors of the will of said William Alexander ; that said Mary A. had, for the purpose of defrauding the appellant assigned her interest in the estate of said William to the appellees Manetta Griffith and William A. Wampler, who were the children of said Mary A., for the sole consideration of love and affection ; that said Mary A. was a non-resident of the State of Indiana ; that the first instalment of the bequest to Mary A. was due.   A copy of the note, a copy of the will, and a copy of the assignment from Mary A. to her children were filed with the complaint.

Prayer that the claim of said Mary A., and the lien created by the will on the lands of the appellant, be satisfied to the amount of appellant's claim against the said Mary A., and that the said Manetta Griffith and William A. Wampler be forever enjoined from suing the appellant or his co-executor on said claim, and for general relief.

Appellees demurred separately to the complaint for the want of facts sufficient to constitute a cause of action. The demurrers were sustained and exception entered.

The appellant claims that the circuit court erred in sustaining the demurrers to the complaint.

Much learning and research have been displayed in the argument of this case, and the briefs of counsel have exhausted every possible phase of the question raised by the demurrer to the complaint, and, but for the fear of loading the reports with too much argument, we would be tempted to copy the briefs in this opinion as a fair expose of the doctrine of equitable set-off. But the correctness or incorrectness of the ruling of the circuit court on the demurrer to the complaint, it seems to us, must be determined by the question whether the note given by Mary A. Wampler to the appellant could be enforced against her, she being a married woman at the time of its execution. If the note could be enforced against Mary A. Wampler, then the other facts averred in the complaint made a case for the relief prayed. If, however, the note could not be enforced, then the relief could not be granted.

It was the settled law of this State, until the passage of the act of March 25th, 1879, that the contract of a married woman was void. *Thomas* v. *Passage*, 54 Ind. 106 ; *Williams* v. *Wilbur*, 67 Ind. 42.

Wooden, having been appointed executor, could have no rights, by virtue of such appointment, under the facts stated, that he would not have had, if some other person had

been appointed such executor. If Wooden had not been appointed executor, and had brought suit on the note and agreement, and made the executors parties, and asked an order that the amount due on the note be paid to him by the executors out of the bequest to Mary A. Wampler, we think the action could not have been maintained; for, the note being void, no judgment could have been recovered against Mary A. Wampler thereon, and of course no order could have been obtained against the executors. We are unable to see how the appointment of Wooden as one of the executors of William Alexander gave him any greater legal or equitable rights than he would have had without such appointment.

We are of opinion that the demurrer was properly sustained to the complaint.

The judgment is affirmed, at the costs of the appellant.