No. 8731.

## PIERCE *v.* OSMAN ET AL.

MARRIED WOMAN.—*Contract.—Attorney's Fee.—Lien.*—Prior to the act of March 25th, 1879, Acts 1879, p. 160, a married woman could not charge her separate real estate by a contract wherein she agreed to pay for services rendered by an attorney in defending her title thereto, and wherein she agreed that the stipulated sum should be a charge upon the property.

From the Daviess Circuit Court.

*J. T. Pierce, T. E. Johnson* and *W. D. Bynum,* for appellant.
*W. Armstrong* and *S. E. Kercheval,* for appellees.

ELLIOTT, C. J.—The appellant's theory is that a married woman might, prior to the act of 1879, charge her separate real estate by a contract wherein she agreed to pay for services rendered by an attorney in defending her title, and wherein she agreed that the stipulated sum should be a charge upon the property. There has been much conflict in our decisions upon the vexed question of the right of a *feme covert* to create a charge upon her separate real estate, but the later cases have finally settled the rule to be that she can only charge her lands in the mode prescribed by statute. This is the only defensible doctrine. Any other would be in effect an abrogation by the judiciary of an express statutory provision. If the contrary doctrine were allowed to prevail, then the *feme covert* might do by indirection what she could not directly do. It is, however, unnecessary to discuss the question; the cases settle it. The rule of *stare decisis* is a wise and salutary one, and the fewer the breaches of it in the law of property the better. From among the great number of cases holding that the separate property of a married woman can only be incumbered by her in the manner prescribed by the statute, we cite the following: *Miller* v. *Albertson,* 73 Ind. 343; *Wooden* v. *Wampler,* 69 Ind. 88; *Williams* v. *Wilbur,* 67 Ind. 42; *Richards* v. *O'Brien,* 64 Ind. 418; *Hamar* v. *Medsker,* 60 Ind. 413; *American Ins. Co.* v. *Avery,* 60 Ind. 566; *Behler* v. *Weyburn,* 59 Ind. 143; *Thomas* v. *Passage,* 54 Ind. 106.

The cases which hold that a mechanic may acquire a lien against the property of a married woman are not in conflict with the doctrine of the cases cited. *Jones* v. *Pothast,* 72 Ind. 158; *Vail* v. *Meyer,* 71 Ind. 159; *Shilling* v. *Templeton,* 66 Ind. 585. These cases rest upon the principle that the law, and not the act of the *feme covert,* creates the lien. The older cases, holding that the contract must show an intention on the part of the married woman to charge her property, or

no lien could be acquired, rested on the principle upon which appellant has constructed his theory, and were radically erroneous. It is, as the later cases hold, not the married woman's contract, but the law which gives the lien, and this doctrine is in full opposition to that for which appellant contends. His position is, not that the lien arises by operation of law, but that it springs from the contract of the *feme covert.*

Judgment affirmed.

Petition for a rehearing overruled.