Eberwine *et al. v.* The State, *ex rel.* Koster.

No. 7029.

EBERWINE ʼET AL. *v.* THE STATE, EX REL. KOSTER.

REPLEVIN BAIL.—*Discharge of.—Motion.—Practice.*—A discharge from a recognizance of replevin bail may be obtained upon proper cause shown, by motion in the court which rendered the judgment.

SAME.—*Married Woman.*—A married woman is incapable of binding herself by a recognizance of replevin bail, and, having signed such contract, may be discharged therefrom on motion in the court where the judgment was rendered.

From the Knox Circuit Court.

*F. W. Viehe* and *R. G. Evans*, for appellants.

*G. G. Reily, W. C. Johnson, W. C. Niblack* and *S. W. Williams*, for appellee.

WOODS, J.—The appellants, Frederick G. and Eliza J. Eberwine, filed in the circuit court a motion for the release of said Eliza from a recognizance of replevin bail, alleging that on the 19th day of December, 1876, in a proceeding for bastardy in said court, the appellee recovered a judgment against Allen D. Eberwine for five hundred dollars, payable in specified instalments, and on the same day the said Eliza and one Matilda A. Daniel jointly and severally entered into a recognizance of replevin bail for the stay of execution on the judgment and for the payment thereof; that an execution had been issued and was in the hands of the sheriff to be executed, and that, at the time of signing the obligation, the said Eliza was and still is the wife of her co-plaintiff, and therefore had no capacity to bind herself or to encumber her property by entering into a recognizance of replevin bail. Wherefore, etc.

The point is made by the appellee that the proceeding should have been by complaint instead of by motion.

The record shows, however, that the relatrix appeared by her attorney, and, without making any objection to the form of procedure, admitted the facts to be true as stated; and, thereupon, "the court, being of opinion that said recognizance is valid, notwithstanding the facts aforesaid," overruled the

motion and gave judgment for the appellee, to which ruling the appellants excepted.

Under these circumstances, the appellee ought, perhaps, to be held to have waived the right to raise the objection now interposed. We are, however, of the opinion that the proceeding by motion was permissible, if indeed it was not the more appropriate remedy. The entry of replevin bail became a part of the record and judgment in the cause; and any proceeding designed to set it aside or modify it must necessarily have been had in the same court; and there seems to be no good reason why it should not have been by motion.

The question remains, whether a married woman can enter into a binding recognizance of replevin bail.

The rule of the common law, except in so far as the same has been modified by statute, uniformly recognized as prevailing in this State, is " that a *feme covert* is incapable of binding herself by an executory contract, and that all such contracts made by married women, whether in writing or by parol, are absolutely void at law." *O'Daily* v. *Morris,* 31 Ind. 111; *Thomas* v. *Passage,* 54 Ind. 106; *The American Ins. Co.* v. *Avery,* 60 Ind. 566; *Williams* v. *Wilbur,* 67 Ind. 42.

In *Behler* v. *Weyburn,* 59 Ind. 143, it was held, and the doctrine has been repeatedly reaffirmed, that a married woman can not be bound by an estoppel *in pais* in reference to her real estate, because of the proviso in section 5 of the act touching the marriage relation, 1 R. S. 1876, p. 550, " That such wife shall have no power to encumber or convey such lands, except by deed, in which her husband shall join." *The American Ins. Co.* v. *Avery, supra; Williams* v. *Wilbur, supra; Shilling* v. *Templeton,* 66 Ind. 585.

The one exception to this rule, which has been recognized, is a mechanic's lien, but this is upon the ground that "the law on the subject of mechanics' liens is the later law." *Shilling* v. *Templeton, supra.*

There is no inconsistency whatever between the provisions of the code of 1852 authorizing the entry of replevin bail

upon judgments, and the proviso referred to. It was not the legislative intention that the " one or more sufficient freehold sureties," required upon a recognizance of replevin bail might be married women, infants or others under legal incapacity to make contracts.

It is insisted, however, that, under the provision of the code, section 427, that " Every recognizance of bail, taken as above provided, shall have the effect of a judgment confessed, from the date thereof, against the person and property of the bail," the appellant is estopped, as by a judgment, which can not be assailed indirectly, and hence that the inquiry whether she was under the alleged disability is not open.

In *Hinsey* v. *Feeley*, 62 Ind. 85, recognizing the doctrine of *Emmett* v. *Yandes*, 60 Ind. 548, " that a personal judgment against a married woman, where the coverture appeared upon the face of the complaint in the cause, was erroneous and might be reversed upon a complaint for review," this court held that " such a judgment is not void, and can not be attacked collaterally ;" and hence that a suit to have the judgment declared a nullity could not be maintained.

We are not of the opinion, however, that this doctrine is applicable to the recognizance of replevin bail, which, though when entered into by a person not incapacitated from so doing, has " the effect of a judgment confessed against the person and property of the bail," nevertheless is not a judgment taken or rendered by a court or by a person exercising judicial functions, but is simply the act *in pais* of the recognizor, done under no solemnity or sanction, except the approval of a ministerial officer and from its very nature incapable of being appealed from or reviewed, as the judgment of a court may be.

A judgment confessed, however, is not valid unless entered with the consent of the holder of the cause of action ; and, though such consent be inferable from the face of the record, it may be disputed and the fact inquired into collaterally. *Haggerty* v. *Juday*, 58 Ind. 154. And it will hardly be ques-

Eberwine *et al. v.* The State, *ex rel.* Koster.

tioned that if a clerk or sheriff in any case should accept as replevin bail an insolvent, or a person not a freeholder, an infant, or a *feme covert*, the judgment plaintiff, without waiting for a remedy against the officer, might move to have the recognizance set aside.    But this could not be, if, like a judgment in every sense, the recognizance constitutes a complete estoppel.    Estoppels must be mutual, and, if the judgment plaintiff is not concluded by the entry, neither should the bail be.

The case of *Hardenbrook* v. *Sherwood*, 72 Ind. 403, to which the appellee has referred us, is distinguishable in important particulars.    The disability there alleged was unsoundness of mind, which had not been judicially determined, and of which, therefore, the world was not bound to inquire or take notice, and in the absence of actual notice had a right to indulge the contrary presumption.    The person of unsound mind, but whose incapacity has not been judicially declared, has not the same unqualified right as a married woman or an infant (except as to necessaries) to disavow and annul his contracts.    If the rights of innocent third parties, who have dealt fairly and without notice of the disability, can not otherwise be preserved, he will not be permitted to disaffirm his obligation.    *Musselman* v. *Cravens,* 47 Ind. 1 ; 1 Story's Eq. Jur., sections 227, 228.    In the case referred to by the appellee, the rights of third parties had intervened.    The land of the plaintiff had already been sold by virtue of his recognizance, and there was no offer to restore the purchaser to his original status.    The case, besides, impliedly recognizes the fact that if the plaintiff's disability had been judicially declared before he entered into the recognizance, he would have been entitled to relief.    But this would not be so if such recognizance has in all respects the effect of a judgment.    *Hinsey* v. *Feeley, supra.*

Judgment reversed, with costs, and cause remanded with instructions to proceed in accordance with this opinion.