No. 7866.

## LACEY ET AL. *v.* WILLSON ET AL.

MARRIED WOMAN.—*Contract.*—*Real Estate.*—*Attorney's Fee.*—A contract by a married woman with an attorney for his services in prosecuting a suit to recover her lands, at a stated compensation, to be paid only in case of success, does not bind her, nor can the amount be made a charge on the real estate recovered.

From the Ripley Circuit Court.

*E. P. Ferris* and *W. W. Spencer,* for appellants.
*W. D. Willson* and *C. H. Willson,* for appellees.

MORRIS, C.—The appellees sued the appellants for professional services alleged to have been rendered for the appellant Rachel.

The complaint states that, on the 29th day of May, 1878, the appellant Rachel, then being the wife of her co-appellant William Lacey, and the owner in fee of certain real estate situate in Ripley county, Indiana, then occupied and claimed by one Jeremiah D. Skeen, employed the appellees as her attorneys, to bring suit for her against the said Skeen to recover the possession of said real estate, and damages for its detention, and agreed in writing, a copy of which is filed with the complaint, to pay them for their services, if successful, $100; that, pursuant to said agreement, they instituted said suit for her, recovered the possession of said real estate for her, and $100 damages; that said services were reasonably worth the sum of $100; that they paid out for her $10 for a transcript of the record of a certain suit, which was essential evidence for the maintenance of said action instituted by them. They demand judgment for $150, and that it may be declared a lien on said real estate.

Copy of the agreement:

"Rachel Lacey has this day employed Wm. D. and Chas. H. Willson to bring an action of ejectment against Jeremiah D. Skeen for the following described real estate, in Ripley

county, Indiana, viz.: W. $\frac{1}{2}$ n. e. qr., n. e. $\frac{1}{4}$ n. e. qr., and 25 acres off east side of n. w. qr., section 19, t. 8, r. 12 e. If said Willsons are successful in said action, said Rachel Lacey is to pay said Willsons one hundred dollars for their services; if they fail to recover in said action, they are to receive nothing.

"May 29, 1878. RACHEL LACEY,

"By Wm. Lacey."

The appellants demurred to the complaint; the demurrer was overruled. The appellants answered the complaint in two paragraphs, to which the appellees replied; they also filed an answer in abatement, alleging that they were at the time the action was commenced, and had been for two years prior thereto, *bona fide* residents of the county of Shelby, in the State of Indiana, and that, at the time of making said contract and the rendition of said said services, they were husband and wife. This answer was verified. The court, upon motion of the appellees, rejected this paragraph of the answer, and the appellants excepted.

The cause, being at issue, was submitted to a jury for trial, who returned a verdict for the appellees for $110. The appellants moved the court for a new trial. The motion was overruled, and the court rendered judgment against the appellant Rachel for $110 and costs of suit, and directed that the same be levied of the real estate described in the complaint.

The errors assigned are, that the court erred in overruling the demurrer to the complaint; in sustaining the motion of the appellees to strike out the appellants' answer in abatement; in overruling the motion for a new trial; and in ordering the real estate to be sold.

The contract set out in the complaint is void. It did not bind either of the appellants, nor could it operate as a lien or charge upon the separate real estate of the appellant Rachel, or as a pledge of the income of the same for the payment of the value of the services of the appellees. This case falls within the principles decided in the cases of *Pierce* v. *Osman*, 79 Ind. 259, and *Williams* v. *Wilbur*, 67 Ind. 42.

The demurrer to the complaint should have been sustained.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.