No. 10,768.

## STONECIPHER v. WATSON ET AL.

MARRIED WOMAN.—*Contract.*—Before the passage of the statute of 1879, a married woman was not liable on her contract to pay for the services of an attorney employed by her to recover her separate property.

From the Harrison Circuit Court.

*B. P. Douglass, S. M. Stockslager, J. V. Kelso* and *L. Jordan,* for appellant.

*W. N. Tracewell, R. J. Tracewell* and *G. W. Self,* for appellees.

ZOLLARS, J.—Action by appellant upon a promissory note. Judgment for appellees. The material and controlling question in the case is presented by the reply to the fourth paragraph of answer. The fourth paragraph of answer, which is, really, a cross complaint, is, in substance, that one Reed, the father of appellant and the wife of the defendant Henry Watson, died testate in 1865, the owner of a large amount of property, and by his will left to appellant and Mrs. Watson, and two other heirs, but a nominal sum; that after the death of said Reed, appellant, appellee Henry Watson, and the two other heirs, employed an attorney, and agreed to pay him $600 to contest and set aside the will of Reed; that the attorney performed the services, procured the will to be set aside, and appellant inherited $2,500 of her father's estate; that after the attorney had procured the will to be set aside, as per agreement, and appellant had thus been put in the pos-

session of her estate, she refused to pay her share of the
attorney fees, and appellee Watson was compelled to pay the
same in 1868, viz., $150; since which time appellant has re-
fused to repay the same, or any portion of it to him. This
amount, with interest, is pleaded as a set-off to any amount
due upon the note to appellant, upon which note appellee
Henry Watson is principal. The reply to this cross com-
plaint is, that at the date of the contract with the attorney,
appellant was a married woman, living with her husband, and
so continued to live with him until after the litigation in
which the attorney was engaged was determined and disposed
of. It will be observed that the contract with the attorney
and the payment by appellee were prior to the enactment of
the married women's acts of 1879 and 1881. ` The case must,
therefore, be decided without reference to these acts. Was
appellant, as a married woman, liable on her contract to the
attorney? If not, no liability was created in favor of ap-
pellee Watson by his payment to the attorney, as above stated.

This question is answered in the negative by the later de-
cisions of this court. It would not be profitable to extend
this opinion beyond a citation of some of the cases. *Lacey*
v. *Willson*, 83 Ind. 570; *Williams* v. *Wilbur*, 67 Ind. 42;
*Pierce* v. *Osman*, 79 Ind. 259, and cases cited.

It results from this holding that the court below erred in
sustaining appellees' demurrer to appellant's reply to the
fourth paragraph of answer so-called and cross complaint,
and that the judgment must, for that reason, be reversed.

Judgment reversed, with costs, and cause remanded with
instructions to the trial court to overrule the demurrer to said
reply.

Filed Dec. 13, 1883.