Filed April 27, 1889

No. 13,728.

## CRATER v. CRATER.

HUSBAND AND WIFE.— *Wife May Maintain Ejectment against Husband.*—Under the statutes of this State, a wife may maintain an action of ejectment against her husband to recover the possession of her separate real estate.

SAME.— *Wife's Separate Real Estate.— Void Contract.*—A contract made by a married woman in 1866, whereby she agreed, in consideration that her husband should pay a claim against her separate real estate, that she would give him one-half of the land, to be held by them as joint tenants, was void under the law then in force (1 R. S. 1876, p. 550, section 5), and the husband acquired no enforceable right thereunder.

From the Elkhart Circuit Court.

*H. C. Dodge*, for appellant.

*J. M. Vanfleet*, for appellee.

COFFEY, J.—This was an action by the appellee against the appellant in the court below to recover the possession of the land described in the complaint.

The complaint does not differ from the ordinary complaint in ejectment, except in that it discloses the fact that appellant and appellee are husband and wife, living separate and apart from each other.

The appellant answered the complaint by a general denial. He also filed a counter-claim, in which he avers that he married the appellee in the year 1866; that at the time of such marriage there was a valid and subsisting claim against said land in favor of one David W. Fisk, amounting to the sum of $600; that said land at said time was worth no more than $900; that appellee had no money or means of obtaining money with which to satisfy said demand, so a lien and encumbrance on said land, and to enable her longer to hold and maintain her title to the same, and was about to and would have wholly lost said land; that appellant was in possession of $400, and at the earnest solicitation of the appellee, and upon her verbal promise to him that he should, if he would pay off said claim, be a joint owner with her in said land, he laid out and expended $400, and gave his notes, which he subsequently paid, with his own money, for the balance of said claim so held by the said Fisk; that ever since the year 1866 appellant and appellee have lived together as husband and wife on said land until the — day of February, 1885; that during all said time he has paid all taxes and assessments against said land, amounting to $500; that in 1866 said land was all uncleared wild land, and that appellant, by his own labor, has cleared up and reduced to cultivation all of said land, and has made all of the improvements thereon; that, on the — day of February, 1885, while appellant was away from home, the appellee, without his knowledge or consent, and without any fault on his part, removed from the said land and the home of the appellant, and went to reside in the city of Elkhart; that appellant remained upon said land, living upon and farming the same to the time of filing this counter-claim; that he now is, and at all times has been, willing that appellee shall return to their said home and en-

joy with him the use and benefit of said land. Prayer that he have such relief as he is, in equity and good conscience, entitled to receive in a court of equity.

A demurrer was sustained by the court to this paragraph, and the appellant excepted.

The cause was tried by a jury, resulting in a verdict for the appellee. Over a motion for a new trial the court rendered judgment on the verdict, and the appellant excepted. In this court the appellant assigns as error:

1st. That the court below erred in sustaining appellee's demurrer to appellant's second answer or counter-claim.

2d. That the court erred in overruling appellant's motion for a new trial.

It is settled law in this State that the wife may sue the husband in relation to her separate property. *Wilkins* v. *Miller*, 9 Ind. 100 ; *Scott* v. *Scott*, 13 Ind. 225. Under section 254, R. S. 1881, a married woman may sue alone : *First.* When the action concerns her separate property. *Second.* When the action is between herself and husband.

By section 5116, R. S. 1881, it is declared that her lands, and the rents and profits therefrom, shall be her separate property as fully as if she were unmarried. And by section 5129 it is provided that all suits in relation to the wife's lands, if they be separated, shall be prosecuted in the name of the wife alone.

In New York, under statutes very similar to our own, it was held that the wife might maintain an action of ejectment against her husband for her separate real estate. *Wood* v. *Wood*, 83 N. Y. 575. It is our opinion that the wife, in this State, may maintain an action of ejectment against her husband to recover the possession of her separate real estate.

From the allegations in the appellant's counter-claim we are left in some doubt as to the nature of the claim held by Fisk against the land of the appellee, but it is to be inferred that it was in the nature of a lien. As we understand the averments, there was a contract made between the appellant

and the appellee to the effect that, in consideration that appellant would pay off and discharge such claim, whatever its nature, the appellee would give him one-half the land, to be held by them as joint tenants. The question is, was that such a contract as the appellant can enforce against the appellee? And in deciding that question reference must be had to the law in force in 1866, the time at which the contract was made. At the time the contract set up in the appellant's counter-claim was entered into, the following statute was in force:

" Section 5. No lands of any married woman, shall be liable for the debts of her husband; but such lands and the profits therefrom, shall be her separate property, as fully as if she was unmarried: *Provided*, That such wife shall have no power to encumber or convey such lands, except by deed, in which her husband shall join." 1 R. S. 1876, p. 550.

It has frequently been held that, under the laws in force at that time, a married woman had no power to bind herself by contract. *Thomas* v. *Passage*, 54 Ind. 106; *Williams* v. *Wilbur*, 67 Ind. 42; *American Ins. Co.* v. *Avery*, 60 Ind. 566; *Hamar* v. *Medsker*, 60 Ind. 413; *Behler* v. *Weyburn*, 59 Ind. 143. The general rule is, that where a person in whose name a conveyance of property is taken is one for whom the party paying the purchase-money is under a natural or moral obligation to provide, no resulting or presumptive trust will arise, but the transaction will be regarded as an advancement for the benefit of the grantee under the conveyance. In the absence of the agreement set up in the counter-claim such would be the presumption here.

This case, in its facts, is very much like the case in *Lochenour* v. *Lochenour*, 61 Ind. 595. In that case Joseph Lochenour entered a tract of land in the name of his wife, and suffered the patent to issue in her name, under an agreement that she would hold it in trust for him. In that case the court says that: " In the case at bar, the plaintiff was a married woman, the wife of the defendant, at the time the alleged

declaration of an express trust was made by her. She was, therefore, then incapable of making such a declaration, or of becoming trustee for the defendant, in the manner set forth in the counter-claim under discussion." That case would seem to be decisive of the case now under consideration. It is true that the transaction reported in that case was had while the statute of 1838 was in force, but in 1866 married women were under the same legal disabilities as to contracts as in 1838. We do not think the circuit court erred in sustaining the demurrer of the appellee to the counter-claim now under consideration.

On the trial of the cause the appellant offered to prove, substantially, the facts set up in his counter-claim, but upon objection of the appellee the evidence was excluded. What we have said in relation to the counter-claim disposes of this question also. We find no error in the record for which the judgment of the court below should be reversed.

Judgment affirmed.

Filed April 27, 1889.