## BLACK *v.* ROGERS and Wife.

MECHANIC'S LIEN.—*Married Woman.*—*Separate Property.*—A complaint to enforce a mechanic's lien alleged that the defendants, husband and wife, were indebted to the plaintiff for work and labor done and materials furnished, as shown by a bill of particulars, in erecting a house on real estate belonging to the wife. Answer in denial, and plea of payment. Trial and finding for plaintiff. Motion in arrest of judgment by the wife sustained, and judgment in her favor.

*Held,* (DOWNEY, J., dissenting) that the averments of the complaint were not sufficient to charge the wife, but that all the particulars necessary to show the liability of the wife should have been expressly averred.

APPEAL from the Marion Common Pleas.

PER CURIAM.—Suit by the appellant against the appellees, husband and wife, to enforce a mechanic's lien for work done and materials furnished in the erection of a house on the separate property of the wife. Answer of general denial, and payment. Reply in denial of the payment. Trial by jury, verdict for plaintiff, motion for new trial overruled.

Motion in arrest of judgment by the wife sustained, and judgment in her favor, and against the husband. Appeal by the plaintiff.

The reasons, in writing, for the arrest of judgment are: first, there are no averments in the pleadings of a contract by the said Emerine, with the said plaintiff, for the labor done and materials furnished, as alleged in the plaintiff's complaint; second, the pleadings show no interest on the part of said Emerine, to bind her separate property for the work done and materials furnished as alleged in the complaint; third, there is no averment that the house mentioned in the complaint, upon which the work was done, and for which the materials were furnished was necessary and proper for a full and complete enjoyment by the said Emerine of the real estate mentioned in the complaint.

The only error assigned is the action of the court in thus arresting the judgment.

The complaint alleges, that " George H. Black, plaintiff, complains of Benjamin F. Rogers and Emerine Rogers, his wife, and says that the defendants are indebted to the plaintiff in the sum of three hundred and fifty-six dollars and eighty-seven cents, for work and labor done and materials furnished, as shown by a bill of particulars filed with and made part hereof, marked 'A.'" That the work and labor was done upon, and said materials furnished for and used in the erection of a house on lots numbered, etc.; that said lots are the separate property of the defendant Emerine, and were so owned by her at the time said work was performed and materials furnished, etc.; the recording of notice, etc.

It will be seen that this complaint does not undertake to set out the particulars of the contract. It simply alleges an indebtedness of the defendants to the plaintiff for the work and materials.

A majority of the court are of the opinion that this is not sufficient, but think the complaint should have shown, by express allegations, all the facts necessary to show the liability of the wife; and they refer to *Kantrowitz* v. *Prather*, 31

Ind. '92, and *Lindley* v. *Cross*, 31 Ind. 106.    Hence they are of the opinion that the action of the court in arresting the judgment was correct.

The judgment is affirmed, with costs.

DOWNEY, J.—I do not agree with my brethren in their conclusion in this case.    I am of the opinion that whatever evidence was necessary to show a valid indebtedness on the part of the defendants was admissible under the complaint. If the pleader had attempted to set out the facts from which it was claimed that the indebtedness arose, it would have been necessary to set out all that was essential to warrant such inference.    But, conceding that it was necessary, in order to show an indebtedness on the part of the wife, to show that she made the contract for the work and materials; that it was with the assent of her husband; and that the improvement was necessary and proper for the better enjoyment of her estate, as held in the cases relied upon by the majority of the court, I think that all these facts might have been, and probably were, shown under the general allegation of indebtedness in the complaint.    Whatever was necessary to justify the verdict of the jury was properly admitted under the complaint, and the presumption is, that the necessary proof to warrant the finding was made.    I think the general verdict for the plaintiff settled the question of the wife's liability to the plaintiff for the work and materials, and that the common pleas, instead of arresting the judgment, should have rendered a judgment for the enforcement of the lien.

*V. Carter*, for appellant.

*G. K. Perrin* and *J. P. Baker*, for appellees.