## CAPP *v.* STEWART ET AL.

MARRIED WOMAN.—*Mechanic's Lien.*—A wife may have full knowledge that her husband is about building a house upon her ground, and she may consent thereto and approve thereof, but this gives the builder no right to acquire a lien upon the property. To render her property liable, she must have done what would have made her personally liable as a *feme sole.*

APPEAL from the Shelby Common Pleas.

· WORDEN, J.—Complaint by the appellees, as follows:

"Joseph R. Stewart, Thomas McLean, Elisha B. Wingate, and John M. Hester, plaintiffs herein, doing business at the city of Shelbyville, in the county of Shelby, and State of Indiana, under the firm name and style of Stewart & Co., complain of James L. Capp and Mary A. Capp, his wife, Sarah T. Capp, and Alice J. Capp, defendants, the last two named defendants being infant children of the defendants James and Mary, and say that heretofore, to wit, on or about the —— day of —— the defendants herein (plaintiffs) then and there being carpenters, mechanics, and builders, and also engaged in furnishing lumber and materials for building purposes, the defendant, James L. Capp, then and there, at said city of Shelbyville, with the full knowledge and consent of his co-defendants, employed, contracted, and agreed with the plaintiffs that the said plaintiffs should do and perform the work and labor as such mechanics and builders, and furnish the materials therefor, for the erection and building of a certain dwelling-house situate on lot number (17) seventeen, in Fletcher and McCarty's addition to the city of Shelbyville, in the county and State aforesaid, of which lot the defendants Mary A. Capp, Sarah T. Capp, and Alice J. Capp are the equal owners in fee; and the erection of which house the plaintiffs aver was necessary and proper for a full and complete enjoyment by Mary A. Capp, Sarah T. Capp, and Alice J. Capp; and in consideration therefor the defendant James L. Capp promised the plaintiffs that he would pay them, upon the completion of said building, the sum of one hundred and eighty-five dollars; and that in pursuance of the terms of said contract, said plaintiffs, with the full knowledge, consent, and approbation of the defendants Mary A. Capp, Sarah T. Capp, and Alice J. Capp, performed said labor and furnished said materials; and within sixty days next thereafter, to wit, on the 15th day of February, 1869, they filed in the office of the recorder of said county notice of their intention to hold a mechanics' lien on said lot number (17) seventeen, and the building thereon situate, for the payment of

the sum of one hundred and thirty-seven dollars and seventy cents, the same being the balance then due and owing from said defendants to said plaintiffs for said work and labor and materials furnished, and which notice was on said 15th day of February, 1869, duly recorded in the mechanics' lien record, No. ——, p. ——, a copy of which notice is herewith filed, and made a part of this complaint; and the plaintiffs further say that said sum of one hundred and thirty-seven dollars and seventy cents, and the further sum of twenty-five dollars as interest thereon, still remains due and wholly unpaid, as well as the interest thereon. Wherefore, the plaintiffs demand judgment," etc.

There was a bill of the particulars of the work done and materials furnished accompanying the complaint, made out against James L. Capp; and the notice of the lien was addressed "to James L. Capp and all others concerned."

There does not appear to have been any service of process upon Sarah T. Capp, nor did she appear to the action. A guardian *ad litem* was appointed for Alice J. Capp, who filed a demurrer to the complaint on her behalf, which was sustained. James L. Capp appeared and took steps in the cause, but finally withdrew his appearance. Mary A. Capp appeared, and it is said she filed a demurrer to the complaint; but we do not find it in the record. She raised the question as to the sufficiency of the complaint, however, as against herself, by a motion in arrest of judgment. She having pleaded to the action, the cause was submitted to a jury for trial, who found the following verdict, viz.: "We, the jury, as to defendant, James L. Capp, find for the plaintiffs, and assess their damages at one hundred and forty-five dollars and ninety-five cents. As to defendant, Mary A. Capp, we find there is due the plaintiffs the sum of one hundred and forty-five dollars and ninety-five cents, and that the same is a lien on the interest of said Mary A. Capp in lot No. 17," etc., describing it as in the complaint.

Mary A. Capp filed a written motion in arrest of judgment against her, assigning as a reason, that "the complaint

herein does not state facts sufficient to constitute a cause of action against her, or that would warrant a decree of sale of her property." This motion was overruled, and she excepted. Personal judgment was rendered against the defendant James L. Capp, for the amount of the verdict, which was declared to be a lien on the lot in question, and the lot ordered to be sold to make the debt and costs.

We are of opinion that the motion of the appellant, Mary A. Capp, in arrest of judgment, was well taken, and that the court below erred in overruling it. It appears, by the complaint, that Mary A. was the wife of James L. Capp, and that the lot on which the house was built belonged in fee to the wife and the two girls. A married woman, who owns property, may, doubtless, in proper cases, make contracts for the improvement of her property by building houses thereon, which contracts will bind the property, and enable mechanics and material men to acquire a lien thereon for work done and materials furnished. But in order that her property may be thus bound, or a lien thus acquired, she must, by herself, or by her agent, if in such case she can appoint an agent, make some contract for the doing of the work, or the furnishing of the materials. The complaint contains no averment of any contract on behalf of the wife. On the contrary, it industriously avoids any such allegation. The nearest approach to an averment of such contract with the wife are the allegations that the contract was made with the husband, and the work done and materials furnished with the full knowledge, consent, and approbation of the wife and the other defendants. A wife may have full knowledge that her husband is about building a house, or houses, upon her ground, and she may consent thereto and approve thereof, but that does not bind her property, or give the builder a right to acquire a lien upon it. A husband has no power, by virtue of the marital relation, thus to encumber his wife's property. A fair test whether a wife has done such acts as will bind her property, or enable a mechanic or ma-

terial man to acquire a lien thereon, would, perhaps, be to enquire whether the acts done by her would bind her personally if she were free from coverture. Tested by this rule, there is no case made by the complaint against the wife in this case. Were she a *feme sole*, no cause of action is stated against her; and being a *feme covert*, no right is shown to a lien upon her property.

The judgment below as against Mary A. Capp, entitling the plaintiffs to a lien on the property in question, is reversed, with costs.

*K. M. Hord* and *A. Blair*, for appellant.

*J. B. McFadden*, *B. F. Davis*, and *B. F. Love*, for appellees.