### CRICKMORE ET UX. *v.* BRECKENRIDGE ET AL.

MARRIED WOMAN.—*Charge on Separate Property.*—In an action to charge the separate real estate of a married woman for materials furnished and work done in the erection of a dwelling-house thereon, the complaint alleged, as to the making of the contract, that the wife had constituted her husband her agent to purchase materials and employ workmen to build said house; that the contract was made with the plaintiff by the husband as such agent; and that when the plaintiff furnished said materials and performed said work, he did not know that said real estate was the property of the wife and that the husband was acting as her agent, but he furnished said materials and did said work at the request of the husband, and charged the same to him, and afterwards learned that she was the owner and that he was acting as her agent.

*Held,* that the complaint did not show that the wife, either in person or by agent, so contracted with reference to her separate estate as to make the same liable for the alleged indebtedness.

SAME.—*Suitableness of House Erected.*—In such an action, it should be shown that the house built was necessary and proper to the full enjoyment of the separate real estate of the wife; and it is not sufficient to show that it was necessary and proper to the use and enjoyment of said real estate by the owner that a house should be built thereon, that the plaintiff furnished materials and performed labor in the erection of a house thereon, and that such materials and labor were necessary and proper for the erection of such a house as was built.

From the Henry Circuit Court.

*Chambers & Saint* and *Brown & Brown,* for appellants.

*Forkner & Bundy,* for appellees.

DOWNEY, J.—Suit by the appellees against the appel-

lants, who are husband and wife, to enforce payment for certain building materials and labor furnished by the appellees in the erection of a dwelling-house on real estate of the female appellant. It is alleged in the first paragraph of the complaint, that on the 10th day of June, 1872, Mary A. Crickmore was, and that she still is, the owner in fee simple, as her sole and separate property, of certain described real estate, in Knightstown, consisting of part of a town lot, etc.; that the lot was vacant, and only fit for the erection thereon of a dwelling-house, without which it would yield no income; that appellants then owned no dwelling-house; that the improvement of said lot by building thereon a dwelling-house was necessary to the enjoyment of said property by said Mary A. Crickmore, and necessary to furnish and secure for her a house and a place of dwelling, her husband being at that time insolvent and unable to provide a home for her; that said Mary A., prior to the 10th day of June, 1872, constituted and appointed her said husband, Charles B. Crickmore, her agent to purchase materials and employ workmen to build and construct for her on said lot a dwelling-house; that, in pursuance of said employment, the said Crickmore, as her agent, bought a large amount of materials of different persons, and employed divers mechanics and laborers in and about the construction of a valuable dwelling-house on said lot, and with the same built and constructed on said lot a dwelling-house, new in all its parts, of the value of three thousand dollars, exclusive of the lot on which it stands; that said Mary A., by her said agent, while acting as such, bought of the plaintiffs, for and on her account, a large amount of tin and other materials necessary to be used in the building and roofing of said house, and employed them to put the same on, a bill of particulars of which is filed; that the whole amount of said materials and work is one hundred and eleven dollars and nineteen cents; that they were, and are, actual betterments to said property to that amount, and were then, and are yet, absolutely necessary to the enjoyment of said property by the said Mary A. It is further

alleged that when the plaintiffs furnished said materials and labor, as aforesaid, they did not know that said lot was the property of said Mary A., and that the said Charles B. was acting as her agent, but furnished said materials and labor at the request of said Charles, and charged the same to him; that they have, very recently, discovered that she was the owner thereof, and that he was acting as her agent as aforesaid. Wherefore, and by reason of all the foregoing, the plaintiffs aver that there is due and owing them from said Mary A. Crickmore the sum of one hundred and nineteen dollars and nineteen cents, which is due and unpaid, and they demand judgment, finding the amount thereof; that the same be declared a lien upon said lot and buildings thereon situate; that the same be ordered to be sold, and for other proper relief.

There was a second paragraph of the complaint, but it was adjudged bad on demurrer, and no question arises as to that ruling. The paragraph which we have set forth was held sufficient, on demurrer thereto by Mary A. Crickmore, and to that ruling there was an exception.

Mary A. Crickmore then answered separately by a general denial of the first paragraph of the complaint. Upon a trial by a jury, there was a verdict for the plaintiffs. A motion for a new trial by the female defendant was made, and overruled, and there was final judgment, ordering a sale of the property for the payment of the amount of the verdict and the costs. Two errors are assigned:

1. Overruling the demurrer to the first paragraph of the complaint.

2. Refusing to grant a new trial.

An objection urged against the complaint is, that it does not sufficiently show that the wife charged her separate property with the payment of the indebtedness. This question has often been before this court since the enactment of the statute on the subject of the separate property of married women. In the following cases the subject was under consideration:

*Kantrowitz* v. *Prather*, 31 Ind. 92; *Lindley* v. *Cross*, 31 Ind. 106; *Johnson* v. *Tutewiler*, 35 Ind. 353; *Black* v. *Rogers*, 36 Ind. 420; *Capp* v. *Stewart*, 38 Ind. 479; *Falkner* v. *Colshear*, 39 Ind. 201; *De Armond* v. *Glasscock*, 40 Ind. 418; *Sharpe* v. *Clifford*, 44 Ind. 346. And see, as having some bearing on the question, *Hasheagen* v. *Specker*, 36 Ind. 413, and *Hodson* v. *Davis*, 43 Ind. 258.

These cases indicate an inclination on the part of the court to require cases to be brought clearly within the rule of liability laid down. In *Black* v. *Rogers, supra*, it was held that the party asserting such a claim must specially set forth in his complaint all the facts necessary to show its validity.

The cases that we have cited recognize and apply the rule, substantially, which, according to the authorities cited in the first named case, appears to have prevailed in equity, relating to the power of the wife over her separate property.

In the case under consideration, the question is discussed as to the power of a married woman to appoint an agent, and as to the right, in such case, to sue an undisclosed principal when discovered; but we do not deem it necessary to decide these questions.

Conceding, without deciding, that the female appellant might appoint an agent, still we think the complaint is insufficient, for the reason that it does not show that she, either in person or by agent, so contracted with reference to her separate property as to make the same liable for the alleged indebtedness.

We are of the opinion that the demurrer to the complaint should have been sustained.

Although it may be unnecessary, we will examine the question made upon one of the instructions given, presenting the case with reference to another of its features.

Instruction number two, given by the court at the instance of the plaintiffs, is as follows:

" If the jury find from the evidence, or preponderance of the evidence, that, on the 10th day of June, 1872, the defend-

ant Mary A. Crickmore was the owner of the lot mentioned in the complaint as her sole and separate property, and that at that time she was the wife of her co-defendant, Charles B. Crickmore, and that said lot was a suitable one for dwelling purposes, and unsuitable for any other use, and that it was vacant, or had the ruins of a building which had been destroyed by fire upon it, that she and her husband, and neither of them, had or owned no dwelling-house suitable to live in, and that it was at that time necessary to a full and complete enjoyment of said lot by her that a dwelling-house should be constructed thereon, and that she, on that day or prior thereto, while she owned said lot, constituted her husband, Charles B. Crickmore, her agent to purchase materials for the construction of a dwelling-house upon said lot, and to employ mechanics and laborers to build and construct the same for her and in her stead, and that said Charles B. Crickmore, in pursuance of said agency, purchased of the plaintiffs material, etc., mentioned in the complaint, and hired them as mechanics to put the same upon said building in roofing and eave-troughs, spouting, etc., for the same, and that they, in pursuance of said purchase, furnished material for roofing, eave-troughs, spouting, etc., for said house, expended labor putting the same on, and that said roofing, eave-troughs, spouting and other material furnished under said purchase by the plaintiffs for said house were suitable for such a house as was being constructed, and necessary to its proper completion, the plaintiffs would be entitled to recover for the reasonable price or value of said material furnished and the labor expended by them in putting it on said building."

The substance of this charge is, that if the building of a dwelling-house on the lot was necessary and proper to its use and enjoyment by the owner, and if the plaintiffs furnished the materials for, and did the work on, the house that was built, and they were suitable for such a house as was built and necessary to its completion, the plaintiffs could recover.

We think, under the rule recognized by the cases cited, that it should appear that the house which was built was necessary and proper to the full and complete enjoyment of the separate real estate of the wife. It is clear that it might be necessary and proper to this end that a dwelling-house should be erected on the real estate, and yet it might be wholly unnecessary and highly improper to erect the house which was built. It is not enough that the materials and work furnished by the plaintiff were necessary and proper parts of the building erected. This could be asserted by every material-man and workman who contributed materials or work for any part of the building. The part contributed by each may be necessary to the erection and completion of the whole, and yet the building may not have been necessary, but, on the contrary, may have involved an extravagant and ill-advised expenditure, or may have so encumbered the property as ultimately to cause its entire loss to the wife. We think the charge given was clearly improper.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer to the complaint.