DAME ET UX. *v.* COFFMAN.

MARRIED WOMAN.—*Separate Real Estate.—Contract for Improvement of.—Mechanic's Lien.*—To enforce a lien against the separate real estate of a married woman, for an alleged indebtedness contracted by her for its improvement, she must, by her contract, have expressly intended and agreed that the indebtedness should be a charge against the realty.

SAME.—*No Contract Implied.*—The fact that she contracted for improvements, and caused them to be placed on her separate real estate, will not raise an implied contract to charge the same upon such realty.

SAME.—In the absence of such agreement by her to make such indebtedness a charge on her separate real estate, the whole contract is void, and can not be enforced.

From the Marion Superior Court.

*S. A. Huff* and *J. W. Nichol,* for appellants.

*W. W. Woollen, Jr.,* for appellee.

BIDDLE, C. J.—Complaint by the appellee, against the appellants, for materials furnished and work done in building a house, as per contract made between the appellee and Eliza Dame, the wife of Jason Dame, upon the separate real estate of the wife, and to enforce a mechanic's lien against the property.

Without stating the issues or proceedings, we may at once say, that the appellee recovered judgment on his claim, and obtained a decree to sell the separate property of the wife, upon which the house was built, to discharge the debt; and that the case was properly prepared and brought to this court on appeal.

. The only question reserved in the record, and the only point made by the appellants in the case, is the insufficiency of the evidence to sustain the finding of the court; and the only weakness urged against the evidence is its insufficiency to prove such a contract with the wife as will bind her separate property for the debt. It may be conceded, that, as to the evidence on other points, it is with the appellee. Upon the contested question, the evidence is as follows:

Jacob Coffman, the appellee, testified as follows:

"I am the plaintiff in this suit. I furnished the material, and built a house on the lot described in the complaint, two years ago last Summer, in 1873. It was done at Mrs. Dame's instance and request. I made a contract with her to build a house for a certain sum of money. She was to pay for the work as it was done. She said she wanted some frames. She said she thought she had money enough to pay on the work as she went along, but she would want some time on the frames; and she wanted to know the terms I would give her. I told her I would wait till Christmas, and would want ten per cent. interest.

She wanted to know if I wanted security, and I said 'No, the property is good enough for me.' She then said she wanted to get through without any liens upon the property. The building came to five hundred and thirty dollars, and a portico to thirty-nine dollars, in all five hundred and sixty-nine dollars. She had paid me three hundred and twelve dollars, in seven different payments. The five hundred and thirty dollars includes all the work and materials, except the portico, which was thirty-nine dollars. The principal part, three hundred and forty dollars, was for work and labor. I furnished the frames. The lot was a vacant lot when I commenced work upon it, and was non-productive property."

On cross-examination plaintiff testified, "She has paid me three hundred and seventeen dollars, in seven payments, and was entitled to four dollars and two cents more, in all three hundred and twenty-one dollars and two cents. She said she wanted to get through without any liens on her separate property, and did not want me to have any lien upon it."

The appellant Eliza Dame testified as follows:

"I spoke to Mr. Coffman about building the house, and my husband also talked with him. We wanted to build a house, and wanted to pay part down, and wanted six months on the balance. He agreed with me and my husband to build the house on those terms. He went to work and built the house, and I paid him along as the work was done. There was nothing said about any lien upon the property, and nothing was said about the property being good for it. Nothing was said about it being a charge upon my separate estate. It was just as any other debt. Nothing was said about it except as an ordinary debt. He made the agreement with me and my husband. He stated once, when this case was on trial before, that there were no liens on the property to him, or any arrangement made about liens."

On cross-examination she stated:

"My husband and I made the contract with Mr. Coffman. There was nothing said about security or ten per cent. There are four tenant houses that were built. I paid on till the very last work was done. A portion of it was unfinished until very late in the Fall."

Jacob Coffman, recalled, testified as follows :

"I never said any thing on a former trial about having no lien on her house. Nothing was said about it."

This was all the evidence given in the case, touching the contract.

It is settled law in this State, that a contract to enforce a lien against the separate real estate of a married woman, for an alleged indebtedness contracted by her for its improvement, must show that she intended, and did agree, to charge the indebtedness upon her separate estate; the fact that she contracted for such improvements, and caused them to be placed upon her separate real estate, will not raise the implied contract that she intended to charge her estate with the indebtedness. Her coverture disables her from making an ordinary contract for improving her separate real estate; and, unless by such contract she agrees that her separate estate shall be bound to answer the indebtedness, the agreement cannot be enforced.

This question, arising out of two conflicting statutes, has been long before this court, and has received the most careful consideration; but, in the case of *Crickmore* v. *Breckenridge*, 51 Ind. 294, it must be regarded as settled in accordance with the above proposition. In that case, the authorities are examined, collated and cited, and the rule there established, and followed in the case of *Shannon* v. *Bartholomew*, 53 Ind. 54.

In the case before us, we find no evidence showing that Eliza Dame made, or intended to make, any agreement by which her separate property should be bound to pay for the house erected upon it by the appellee. Her agreement to pay for the house thus built upon her sepa-

rate real estate, without the agreement that the property should be charged with the debt, has no validity; and we think the evidence tends to show, and indeed does show convincingly, that she did not agree, and did not intend to agree, that her separate estate should be bound to pay for building the house. The appellee has a meritorious claim, but, upon the evidence before us, it can not be supported against the separate real estate of the appellant Eliza Dame.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings.