## SHILLING ET UX. *v.* TEMPLETON.

CONTRACT. — *Work and Labor.* — *Pleading.* — *Action.* — Where work has been done and materials furnished, under a special contract, and the work has been fully performed and the conditions of the contract fulfilled, an action will lie for such work and labor and materials upon the common counts, and upon the trial the plaintiff can prove the special contract and the performance under it.

SAME.—*Mechanic's Lien.—Married Woman.*—In a complaint to enforce a mechanic's lien against the property of a married woman, an allegation that "said improvements were necessary for the full and complete enjoyment of said real estate " sufficiently shows that they were for the " betterment " of her estate.

SAME.—*Act Repealed by Implication.*—When a married woman makes improvements upon her separate estate by building, it is not necessary that she should contract with a view of charging such estate, as it is the law and not the contract which gives the mechanic his lien.   If there is any irreconcilable conflict between the proviso to section 5 of the act touching the marriage relation, 1 R. S. 1876, p. 550, and the law on the subject of mechanic's liens, the latter, being the later law, must prevail.

From the Boone Circuit Court.

*P. H. Dutch* and —— *Mahan,* for appellants.

WORDEN, C. J.—Complaint by the appellee, against the appellants, to enforce a mechanic's lien.

Joint demurrer, and a several demurrer by the appellant Nancy, to the complaint, for want of sufficient facts, overruled and exception.

Such proceedings were had as that judgment was rendered for the plaintiff, for the enforcement of the lien.

No question is properly presented but such as relates to the sufficiency of the complaint.

The complaint alleges that "the plaintiff entered into a special contract with the defendants for the furnishing of materials, and the labor and skill in and about the performance of the carpenter work, in the finishing of a certain brick building, situate in Thorntown, Boone county, Indiana, on the following described lot, to wit:" (description.) " Said described lot being the separate property of the defendant Nancy Shilling, wife of the defendant Thomas Shilling, for the sum of ———— dollars; that said improvements were necessary for the full and complete enjoyment of said real estate of the defendant Nancy Shilling; and that plaintiff did, under the contract above mentioned, fully perform all the conditions of said contract on his part, and did fully perform the carpenter work in and upon the finishing of said brick building situated on said lot so above described, to the amount of ———— hundred dollars, a bill of the particulars of which, together with notice of lien, is filed herewith," etc. It then proceeds to allege the filing of the notice of intention to hold a lien on the lot for the sum of one hundred and forty-seven dollars, accompanied by a bill of particulars, and that the claim was due and unpaid.

It is claimed that the joint demurrer should have been sustained, because the terms of the special contract mentioned are not set out. This objection is not well taken. Where work and labor has been done and materials fur-

nished, under a special contract, and the work has been entirely completed, an action will lie for it upon the common counts, without setting out the special contract. Here, it is alleged that the plaintiff fulfilled all the conditions of the contract and fully performed the work. He could therefore sue as upon the common counts for work and labor and materials furnished, and upon the trial prove the special contract and the performance under it. *Brown* v. *Perry*, 14 Ind. 32.

It is also urged that the separate demurrer of the appellant Nancy should have been sustained, because it was not alleged that the building was for the "betterment" of her estate. The allegation that "said improvements were necessary for the full and complete enjoyment of said real estate," we think, was sufficient. Married women should not be divested of all discretion in reference to the improvements they may desire to make upon their separate property.

Again, it is urged that her demurrer should have been sustained, because the complaint does not show that she "contracted with a view of charging her separate real estate."

It was not necessary that she should have contracted with such view. It is the law and not the contract that gives the mechanic his lien. As married women are entitled to hold separate property, they must be permitted to improve, in order that they may enjoy it. And when they make improvements by building, etc., the law steps in and gives the mechanic a lien on the property for his work or materials, upon his taking the proper steps to acquire the same; and this though the woman, by reason of her coverture, may not be personally bound therefor.

The law giving the mechanic his lien must be construed in connection with the proviso to the 5th section of the act touching the marriage relation, etc., 1 R. S. 1876, p.

550, "That such wife shall have no power to incumber or convey such lands, except by deed, in which her husband shall join." This proviso, and the law on the subject of mechanics' liens, should be construed together, so as to permit both to stand if it can be reasonably done. But, if there is an irreconcilable conflict between them, the law on the subject of mechanics' liens is the later law and must prevail. See, on the subject of the proviso above quoted, the cases of *Behler* v. *Weyburn*, 59 Ind. 143, and *The American Insurance Co.*, etc., v. *Avery*, 60 Ind. 566.

The judgment below is affirmed, with costs.