## VAIL ET UX. *v.* MEYER.

### No. 7305.

71 159
139 58

MECHANIC'S LIEN *—Married Woman.—Contract.— Work and Labor.—Performance.—Acceptance —*Where a mechanic entered into a special contract with a married woman to perform certain work for the improvement of her

separate real estate, but, on account of her failure to comply with her part of the agreement, did not .complete it, that fact is no reason why he should not have his lien upon such real estate for the amount of the work done ; and, but for her coverture, she would be personally liable therefor, if the work done was accepted by, and was a benefit to her, though the default was on the part of such mechanic.

SAME.—*Improvement of Married Woman's Real Estate.—Contract for.—Case Distinguished.*—A married woman may make such contracts for the improvement of her real estate, with a mechanic, material-man or builder, as will authorize him to avail himself of the law on the subject of liens, and thus acquire and enforce liens upon such property. Nor is it necessary to the validity of such a lien, that she should intend to create a charge thereon, but the law itself gives such lien when the work has been done, or the materials furnished, under a contract with her, express or implied. *Kantrowitz* v. *Prather,* 31 Ind. 92, distinguished.

SAME.—*Pleading.—Complaint.—Case Overruled.*—In a complaint to enforce a mechanic's lien against the real estate of a married woman for improvements by the repair of old, or the construction of new, buildings thereon, it is not necessary to allege therein, that such improvements are necessary and proper for the full and complete enjoyment thereof. *Lindley* v. *Cross,* 31 Ind. 106, overruled on this point.

SAME.—*Assumption of Fact in Regard to Contracts for Improvement of Married Woman's Real Estate.*—In an action to enforce a lien against the real estate of a married woman for the erection or repair of a building situate thereon, pursuant to a contract made with her, it may be assumed until the contrary is shown as a matter of defence, that the contract was fair and conscionable, and that the improvements were necessary and proper.

SAME.—*Agency.*—Contracts for the improvement of the real estate of a married woman, by the repair of old, or the erection of new, buildings thereon, may be made by her in person, or by an agent appointed by her for that purpose.

From the Dearborn Circuit Court.

*F. Adkinson,* for appellants.

*O. B. Liddell,* for appellee.

WORDEN, J.—Complaint by the appellee, as follows :

" Ernst Meyer, plaintiff, complains of Mary A. Vail and John B. Vail, her husband, Francis Adkinson and Mayer Rothschild, defendants, and says, that heretofore, to wit, on the — day of June, 1874, the plaintiff made a contract

with said defendant Mary A. Vail, by which he was to do certain painting on a house situated on the real estate described," etc., " which house and real estate were and are owned by the said Mary A. Vail; by which contract the said Mary A. Vail was to furnish all paints and materials to be used in said job of work, and the said plaintiff was to do all the work of and about said job of work and the painting of said house, for the sum and agreed price of one hundred and seventy dollars ($170.00); and plaintiff says, that he proceeded to do and perform said work as agreed by him, and did all of the same for which he was furnished paints, and nearly completed said job; but the said Mary A. Vail failed and refused to furnish sufficient paints to do and complete said work, although, according to the terms of his contract, the plaintiff stood ready and willing to do his work, and made demand that said Vail furnish paints and materials to complete said job of work as agreed by him to· be done, and has always stood ready and willing to comply with his portion of the contract; but the defendant has failed and refused to do and perform her portion of the contract. Plaintiff says that the work and labor done and performed by him was of the value and reasonable price of one hundred and seventy dollars; all of which sum remains due and unpaid, with interest."

The complaint then proceeds to allege the filing of notice of his intention to hold a mechanic's lien on the premises, a copy of which was filed with the complaint; and it is alleged that Rothschild and Adkinson claim to have some interest in a lien upon the premises. Prayer for the foreclosure of the lien, etc.

Vail and wife filed a demurrer to the complaint for want of sufficient facts, but it was overruled, and exception taken.

Issue, trial, and verdict for the plaintiff for seventy

dollars. New trial granted, and retrial and verdict for the plaintiff for the sum of ninety-three dollars, ten dollars of which was remitted by the plaintiff. Motion for new trial overruled, and judgment for foreclosure of the the lien, to make the sum of eighty-three dollars and costs. Adkinson had judgment also, as a lien-holder, and an order was made as to the order of payment, but no question is made here as to his claim.

Error is assigned as to the overruling of the demurrer to the complaint, and of the motion for a new trial.

It seems to us to be clear, that the fact that the plaintiff did not complete the work is no reason why he should not have his lien for the work done, inasmuch as it was the default of the defendant, according to the allegations of the complaint, that caused the failure to complete it. Even if the default lay in the plaintiff, if the work done was accepted as far as done, by the defendant Mary A. Vail, and was a benefit to her, she would be liable to the plaintiff personally therefor, but for her coverture. *Wolcott* v. *Yeager*, 11 Ind. 84; *Adams* v. *Crosby*, 48 Ind. 153.

With more reason would she be liable, where her own default caused the failure. We think it clear, also, that, under the enlarged rights of married women in reference to their property, they may make contracts for the improvement of their real estate, not such as will bind them personally, but such as will clearly authorize the mechanic, material-man or builder, to avail himself of the law on the subject of liens, and thus acquire and enforce a lien upon the property. See *Capp* v. *Stewart*, 38 Ind. 479; *Shilling* v. *Templeton*, 66 Ind. 585.

But it is insisted by counsel for the appellants, that, " in order that the wife's property should be held liable, and the appellee be entitled to take and hold a lien upon it, it

should certainly be made to appear that the contract was reasonable and fair, and that it was for the betterment of her estate, or necessary for its proper enjoyment."

This view is sustained by some of the decisions of this court. Thus, in the case of *Kantrowitz* v. *Prather*, 31 Ind. 92, 105, it was said that "It must therefore appear that any contract relating to the property of a married woman, which is sought to be enforced in equity, is conscionable, and where it relates to the betterment of her real estate, that it is reasonably calculated to promote that end." The case, however, was one in which the plaintiffs alleged that they sold goods to the married woman " on the faith of her said separate property, and not otherwise; the payment of which said indebtedness is a charge upon the separate property of said Hannah." The case was not one in which a mechanic was seeking to enforce a lien which the law gives him; and the doctrine was in terms limited to a contract, " which is sought to be enforced in equity."

In the case of a mechanic's lien, it is not necessary that a married woman should intend to create a charge upon her estate. It is not the contract that gives the mechanic his lien. A contract, express or implied, may be necessary to the lien; but when the work has been done, or the materials have been furnished, under a contract, express or implied, it is the law which steps in and gives the lien. *Shilling* v. *Templeton, supra.* We need not further consider the above case of *Kantrowitz* v. *Prather*, as the doctrine there announced has no application to the case before us. But the next case in the same volume, *Lindley* v. *Cross*, 31 Ind. 106, is in point here. In the first paragraph of the complaint therein, the plaintiff sought to enfore a lien against a married woman for lumber furnished for the building of a house on her property. The court said :

" If the improvement in question was necessary and proper for a full and complete enjoyment, then the wife

could charge her separate property with the debts created in making it.

" The first paragraph, however, is bad, for the want of [an] averment showing that the dwelling-house was necessary and proper for a full and complete enjoyment by the wife of the lots in question.

" The question of the power of a married woman to make new improvements, being a power liable to abuse, must be under the control of the court trying the case involving the liability of her separate property to answer for the debts created in making such improvements."

There are, doubtless, other cases in our reports following that of *Lindley* v. *Cross*, above cited. But we are not satisfied with the doctrine of the case, and are of opinion that it should be overruled upon the point, that the complaint to enforce the lien should, by its averments, show that the improvement is necessary and proper for the full and complete enjoyment by the wife of the property.

Married women should not be divested of all judgment and discretion in reference to the improvements they may desire to make upon their property. *Shilling* v. *Templeton, supra.*

They are entitled to hold, use and enjoy their real estate as fully as if they were unmarried; and from their enlarged rights flow corresponding duties and responsibilities. They must, in our opinion, be permitted, in a large measure, to consult their own tastes and judgments in respect to the character of improvements to be made upon their property, whether in the construction of new, or the repair of old, buildings. What one person might think necessary and proper for a full and complete enjoyment of the property, another might regard as wholly unnecessary.

When a contract is made with a married woman for the erection or repair of a building, and a lien is sought to be enforced under the statute, it may be assumed, as we think,

that the contract was fair and conscionable, until the contrary appears. So, when a contractor erects or repairs a house for a married woman, or a mechanic does work, or a material man furnishes materials, it may well be assumed that the improvement is necessary and proper, unless the contrary appears. If any defence can be made on the ground that the improvement was unnecessary or improper, it should come from the defendant.

We are of opinion that no error was committed in overruling the demurrer to the complaint.

We proceed to the motion for a new trial.

There was evidence tending to show that the defendant Mary A. Vail made the contract in question through her husband, as her agent; and it is insisted that a married woman can not appoint an agent.

It may be conceded, as a general rule, that a married woman can not appoint an agent. But a married woman holds and enjoys her real estate as if she were sole, and it becomes essential to its enjoyment that she have the power to make improvements, by building new or repairing old buildings upon it. Contracts for this purpose we have already said she can make, whereby the builder, mechanic or material-man may acquire a lien under the law. And we think it follows that she may make such contracts in person or by an agent, whom she may appoint for that purpose. So far as she is enabled to contract, she may contract in person or by agent.

The evidence tends to sustain the verdict, and we find no error in the record.

The judgment below is affirmed, with costs.