No. 7235.

## JONES *v.* POTHAST ET AL.

MECHANIC'S LIEN.—*Married Woman.*—*Intention.*—*Separate Real Estate.*— *Improvement of.*—*Husband may be Agent for Wife.*—*Case Overruled.*— When a married woman authorizes her husband to act for her, and as her agent to contract for the building of a house upon her separate real estate, the law gives the mechanic a lien thereon, though she may not have intended to charge the property therewith. *Dame* v. *Coffman*, 58 Ind. 345, overruled on this point.

PRACTICE.—*Motion in Arrest.*—*Cross Complaint.*—Where, in an action, a judgment has been rendered on two separate cross complaints, a motion in arrest of such judgment as an entirety can not be sustained if either of such complaints state facts sufficient to constitute a cause of action.

SAME.—*Sufficiency of Cross Complaint on Motion in Arrest.*—As to the sufficiency of a cross complaint on a motion in arrest of judgment, in an action to enforce a mechanic's lien, after dismissal of the original complaint, see opinion.

From the Marion Superior Court.

*D. V. Burns* and *C. S. Denny*, for appellant.

*G. T. Porter*, for appellees.

WORDEN, J.—In this case an action was originally brought by Benjamin T. Wait against Sarah E. Jones and Robert A. Jones, her husband, to foreclose a mechanic's lien. The firms

Jones *v.* Pothast *et al.*

of Pothast & Lange and of McDonough & Townsend were made parties to the action. Each of these firms filed counter-claims, setting up and seeking to enforce like liens upon the same property. During the progress of the cause, the original action was dismissed by the plaintiff therein. Issues were joined on the counter-claims, which were tried by the court and found for the plaintiffs therein. Judgment on the finding. Motions for a new trial, and in arrest of judgment, overruled. Judgment at special term affirmed on appeal to general term.

The case is not very clear on the evidence in respect to one point, but we can not, in accordance with the well settled practice, disturb the finding on the evidence.

The appellant was the owner of the lot on which a house was built. Her husband made the contract in his own name with the contractors for the building of the house; and the point upon which the evidence is not very clear is whether he acted as the agent of his wife in making the contract. There was evidence, however, which, as we think, justified the court in inferring that he acted by her consent and as her agent in making the contract. The appellant testified, to be sure, that she never intended to charge her separate estate by building the house. But an intent to charge her separate estate was not necessary to the creation of a mechanic's lien. If she authorized her husband to act for her, and as her agent to contract for the building of the house, the law gives the mechanic the lien, though she may not have intended to charge the property. *Shilling* v. *Templeton*, 66 Ind. 585; *Vail* v. *Meyer*, 71 Ind. 159. Anything to the contrary decided in the case of *Dame* v. *Coffman*, 58 Ind. 345, must be overruled. No error was committed in overruling the motion for a new trial.

The appellant filed the following written motion in arrest of judgment, viz.:

"The defendant, Sarah E. Jones, moves the court to arrest

judgment herein against her in favor of Oliver B. McDon-
ough and T. Elwood Townsend, and August Pothast and
Frederick Lange, for the reason that the cross complaints of
the said parties respectively do not state facts sufficient to
constitute a cause of action against her.''

This motion, like a joint demurrer, was an entirety, and
had to be wholly overruled or sustained. Hence, if either
one of the counter-claims stated facts sufficient, the motion
was properly overruled.

The counter-claim of Pothast & Lange, filed January
27th, 1876, alleged, among other things, that, on October
7th, 1872, the said Sarah E. Jones, who was then, and ever
since has been, the wife of Robert A. Jones, purchased lot
No. 49, etc., describing it.; that, on the — day of ————,
1875, said Sarah E. Jones, being the owner in her own right
of said lot No. 49, before described, employed Solomon Stem
and William P. Stem to erect and construct thereon for her
a dwelling-house ; that afterward, to wit, on the — day of
————, 1875, Andrew J. Fiscus became the sub-contractor
under said Stems to build and erect brick foundations, flues,
chimneys, cellar walls, walls and cellar ways ; that, in pur-
suance of said contract, and in order to carry it into effect,
Fiscus purchased of Pothast & Lange ———— bricks at $——
per thousand ; that the bricks were necessary to enable Fis-
cus to perform his part of the contract, and were furnished
to be used in the erection and construction of said brick
walls, chimneys, flues, foundations, etc., and were so used ;
that, on the 18th day of August, 1875, that being within
sixty days after the completion of said house, and also with-
in sixty days after said materials were furnished, (said bill
amounting to $91.18 being wholly unpaid) they caused their
notice of lien to be filed and recorded in the recorder's office,
etc., (a copy of the notice is made a part of the pleading) ;
that the said sum of $91.18 has been long due and is wholly
unpaid. Wherefore, etc.

This paragraph of counter-claim seems to us to have been amply good on motion in arrest, and, perhaps, on demurrer. We have, therefore, not thought it necessary to consider the sufficiency of the counter-claim filed by McDonough & Townsend. The motion in arrest was properly overruled. There is no error in the record.

The judgment below is affirmed, with costs.