No. 5975.

## STEPHENSON ET UX. *v.* BALLARD ET AL.

MECHANIC'S LIEN.—*Married Woman.*—*Statutes Construed.*—Section 5116, R. S. 1881, forbids a wife to encumber her lands save by deed in which the husband joins; but the later statutes (section 5293, *et seq.*) provide for a mechanic's lien generally, and construing them together, giving the later effect when in conflict with the former, a married woman may create such lien, like a *feme sole.*

SAME.—*Notice.*—*Time of Filing.*—*Contract.*—A lien for labor and materials in repairing a building, upon an entire contract, may be acquired by filing the notice within sixty days after the last work is done.

SAME.—*Husband and Wife.*—*Pleading.*—*Practice.*—In a suit against husband and wife to enforce a mechanic's lien upon lands of the wife, where the husband answers separately that he made the contract without the wife's knowledge or consent, and paid for the same a sum named which was accepted as payment, *it is error to strike the answer out, so much* of it as alleges payment being pertinent.

SAME.—*Payment.*—*Pleading and Proof.*—Proof of payment is not admissible under the general denial, in a suit to enforce a mechanic's lien, nor need the plaintiff prove non-payment though he must aver it.

PRACTICE.—*Judgment.*—*Supreme Court.*—Objection to the form of a judgment can not be made, for the first time, in the Supreme Court.

SAME.—*Evidence.*—After a pleading has been stricken out, there is no error in rejecting evidence which would only have been admissible under it.

BILL OF EXCEPTIONS.—*Practice.*—*Record.*—A bill of exceptions, otherwise regular on its face, which concludes with the words " to be agreed to by counsel," the signature of the judge then following, with no explanatory proof, will be regarded as properly in the record.

From the Boone Circuit Court.

*F. M. Charlton* and *W. W. Spencer,* for appellants.

*H. C. Wills,* for appellees.

BICKNELL, C. C.—In this case a mechanic's lien was claimed for materials furnished and work done in repairing a frame dwelling-house. The action was brought by the contractors, who did the work and furnished the materials, against a man and his wife.

The wife was alleged to be the separate owner of the property, and the maker of the contract. There was a trial by jury, with a verdict for the plaintiffs, followed by a judgment

for the enforcement of the lien. The defendants appealed. A demurrer to the complaint was overruled; the first error assigned is the overruling of this demurrer.

Although, by the act of May 31st, 1852, 1 R. S. 1876, p. 550, section 5, a wife is forbidden to encumber her land, except by deed in which her husband shall join, yet the mechanic's lien law, a later law, passed June 18th, 1852, 2 R. S. 1876, p. 266, and its amendments, provide for such a lien against land-owners generally.

These two acts must be construed together if possible; if there be any conflict between them, the later must prevail. *Shilling* v. *Templeton*, 66 Ind. 585; *Vail* v. *Meyer*, 71 Ind. 159. It is not necessary now, in a complaint against a wife upon a mechanic's lien, to aver that she intended to charge her property, nor that the improvement was necessary to the full enjoyment of the property. *Vail* v. *Meyer, supra.* When work has been done or materials furnished under a contract, express or implied, the law gives the lien; whenever the woman would be personally liable, if she were a *feme sole*, then the lien arises. *Capp* v. *Stewart*, 38 Ind. 479; *Jones* v. *Pothast*, 72 Ind. 158.

The appellants insist that the complaint in the present case is bad, because, as they say, it does not show that the notice of lien was filed within sixty days after the materials were furnished.

Upon this the law is, that, where a person builds a complete and entire building for another, whether he furnishes the materials or not, he may acquire a lien by filing his notice within sixty days after the completion of the building; but where one performs work upon, or furnishes materials for, a part only of a building, he must file his notice within sixty days from the completion of the work or the furnishing of the materials. *Hamilton* v. *Naylor*, 72 Ind. 171; *Lawton* v. *Case*, 73 Ind. 60. In the case at bar, the claim is for work and also for materials in repairing a dwelling-house, and the suit is by the original contractors, who did the work and furnished

the materials under one entire contract, and the notice was filed within sixty days after the last work done, but not within sixty days after the materials were furnished; they were furnished two months before the last work was done. In such a case, upon such an entire contract, the statute is .satisfied if the notice is filed, as it was in this case, within sixty days after the last work done. There was no error in overruling the demurrer to the complaint.

The defendants answered jointly by a general denial. The defendant Samuel Stephenson answered separately, that he was the husband of his co-defendant, and that he and his family were living on the premises, and that he, without his wife's knowledge or consent, made the contract with the plaintiffs, and that they accepted and received from him for said labor and materials $211 as payment.

On motion of the plaintiffs, the foregoing separate answer was stricken out. This action of the court is the second error assigned by the appellants.

So much of the answer as states that the husband made the contract, without the knowledge or consent of the wife, was embraced in the general denial already pleaded, and that part of the answer might well have been stricken out; but the answer contains an allegation of payment. The husband, being a defendant, had a right to plead that the debt sought to be enforced by the sale of his wife's land, which he was occupying and a part of which he was capable of inheriting, had been paid.

It has been decided that, where husband and wife are sued and separate answers are filed on which issues are joined, the husband is a competent witness in his own behalf, notwithstanding that his evidence may enure to the benefit of his wife. *Haskit* v. *Elliott,* 58 Ind. 493; *Sutherland* v. *Hankins,* 56 Ind. 343; *McConnell* v. *Martin,* 52 Ind. 434; *Rogers* v. *Rogers,* 46 Ind. 1. Yet even if it were true that such a plea of payment could not be proved by the testimony of the husband, it might be proved by other testimony.

The complaint avers non-payment of the debt, but proof of that averment is not required, and the general denial does not put such an averment in issue, the husband could not avail himself of the defence of payment without pleading it. *Hubler* v. *Pullen*, 9 Ind. 273. The court, therefore, erred in striking out the separate answer of Samuel Stephenson.

The third error assigned is, that the court below erred in refusing to allow the defendant Samuel Stephenson to testify in his own behalf. This is not a valid assignment; the matter of it belongs to the motion for a new trial.

The fourth error assigned undertakes to impeach the form of the judgment, but this assignment is not available, because there was no objection to the judgment, and no motion was made to correct it or to modify it. *Martin* v. *Martin*, 74 Ind. 207.

The last error assigned is overruling the motion for a new trial.

The reasons for this motion are, that the verdict is contrary to law, and not sustained by the evidence, and that the court refused to allow the defendant Samuel Stephenson to testify in his own behalf.

He "was offered as a witness in his own behalf to prove a contract and settlement by him with plaintiffs for said work." There was no error in refusing to receive such testimony; after his separate answer was stricken out there was no issue on which such testimony was admissible. The cause was tried while the act of March 11th, 1867, 2 R. S. 1876, p. 132, was in force. As the judgment must be reversed for the error of the court in striking out the separate answer of Samuel Stephenson, it is unnecessary to consider the other reasons for a new trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to the court below

to overrule the motion to strike out the separate answer of the defendant Samuel Stephenson.

## On Petition for a Rehearing.

BICKNELL, C. C.—This cause was reversed for error in striking out the answer of the defendant Stephenson.

The answer was set out in a bill of exceptions.

The appellee insists that the bill ought not to have been regarded as part of the record. He says it was signed upon condition, and he refers to *Stewart* v. *Rankin*, 39 Ind. 161, and *Cluck* v. *State*, 40 Ind. 263.

In the first of these cases the bill of exceptions was signed by the judge in blank, and did not contain the evidence, and it appeared that the judge had never seen the evidence.

It was therefore held that the evidence which had been copied by the clerk into another part of the record, and which was referred to in the bill of exceptions by the words " see pages 18 to 28," etc., was not part of the bill of exceptions, and was not properly in the record.

·In the second of the cases referred to, the bill of exceptions contained the statement, " this was all the evidence given in the cause," followed by the direction " insert reporter's notes," and ending thus, " signed and sealed within the time allotted."                              Signed by the Judge.

" It is agreed that the evidence, before this bill shall be of any effect, shall be revised and corrected by the attorney for the prosecution."                              Signed by the Judge.

The bill in this case was strongly criticised by this court, but it was not rejected, although a motion had been made to strike it from the record.   The case was decided upon the evidence in said bill presented.

There is no analogy between the case at bar and either of the foregoing cases.

Here, the bill of exceptions was not signed in blank; it had no expressed condition that it should be " revised and corrected ; " it was signed by the judge ; it contained all the ev-

idence; it was in the common form, and was shown to have been filed within the time allowed by the court.

Under the date of it, are the words "to be agreed to by counsel;" then follows the signature of the judge in its ordinary place. In the absence of any evidence, the legal presumption is that the judge did his duty. There was no motion to reject this bill of exceptions; if it was proper to consider the evidence in the case of *Cluck* v. *State, supra, a fortiori* it was proper to consider the evidence here; the mere existence upon the bill of the words above stated, without any proof as to the manner in which they were placed there, or as to their purpose, and without any showing that the bill was not agreed to by counsel, does not overcome the legal presumption that the judge did his duty and signed the bill, "having convinced himself, either by the consent of opposing counsel, or by a personal examination, that it contained the truth."

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.