No. 9601.

## THOMPSON v. SHEPARD.

MECHANIC'S LIEN.—*Married Woman.—Husband and Wife.*—Where a married woman, owning a city lot, mortgaged it to raise money to improve it by the erection of a house thereon, the husband taking the money, and, with her knowledge and consent, erecting the building, employing another to plaster it, the necessary inference follows that the husband was either her agent or a contractor to build the house, and in either case the statute gives the plasterer a right to a mechanic's lien, by recording the proper notice.

From the Porter Circuit Court.

*E. D. Crumpacker,* for appellant.

*A. D. Bartholomew* and —— *Smith,* for appellee.

MORRIS, C.—This suit was commenced by the appellant against the appellee to foreclose a mechanic's lien.

The complaint states that the appellee is the owner of lot No. 2, in block 25, in Woodhull's addition to the city of Valparaiso, Porter county, Indiana ; that during the summer of 1880, for the betterment and improvement of said lot, she erected thereon a frame house; that her husband, Thomas C. Shepard, being a carpenter and joiner, conducted and superintended the construction of said building as the contractor and agent of the appellee ; that, with the knowledge and consent of the said appellee, her said husband, as such contractor and agent, employed the appellan' to plaster said house; that he performed said labor pursuant to a contract between him and the appellee's said husband, and with her knowledge of, and consent to, the same; that the appellee is indebted to the appellant for said labor and plastering in the sum of $46.50, which is due and unpaid; that on the 19th day of November, 1880, and in less than sixty days after the completion of said work, the plaintiff filed in the recorder's office of Porter county, Indiana, a notice of his intention to hold a lien on said real estate for the sum so due, a copy of which lien is filed with said complaint; that said notice was recorded in the mechanic's lien record on the 19th day of November, 1880. Prayer that said real estate may be sold and the proceeds applied to the payment of said lien.

The appellee demurred to the complaint for want of facts. The court overruled the demurrer.

The appellee answered the complaint in two paragraphs, the first being the general denial. The second paragraph alleged payment of $20. The appellant replied in denial to the second paragraph of the answer.

The cause was submitted for trial to the court, who found for the appellee.

The appellant moved for a new trial on the ground that the finding of the court was not supported by sufficient evidence

and was contrary to law, and because the court refused to permit him to prove by Thomas C. Shepard, the husband of the appellee, that, before and during the construction of said building, the appellee frequently gave the witness instructions and directions in regard to the construction and arrangement of said building.

The overruling of the motion for a new trial is assigned as error.

The testimony showed that the appellee was the owner of the lot upon which the house was erected, and that she and her husband, on the 21st day of February, 1880, executed a mortgage on the same to one Henry Hansen for the sum of $400. It also showed that the appellant had filed and caused to be recorded, within sixty days from the completion of the work mentioned in the complaint, a notice of his intention to hold a lien on said real estate for the sum of $46.50 for work and labor done on the house erected on said real estate.

The plaintiff testified as follows: "I am the plaintiff in this action; I am a plasterer and bricklayer; I plastered the house for the defendant on the property in question; Thomas C. Shepard did the carpenter work, and employed me to lay the foundation, build the chimneys and do the plastering; I agreed to lay the foundation and build the chimneys in payment of a grocery bill, which I did; I was to have ten cents per yard for doing the plastering; the plastering amounted to $51.62; they paid my tender, who was the defendant's brother, $5; this left $46.62 due me; it is all now due and unpaid; I finished the work the last of September or first of October, and filed the lien within fifty days after the work was done; I don't know as I knew that Rosanna Shepard owned the property when I commenced work; I did while doing the work."

The appellee testified that she owned the property in controversy; that her husband was a carpenter and joiner by trade; that he built a house on said lot last year; that he did the building ; that she knew the house was being built; that

she mortgaged the property for $400 to construct the building; that her husband took the money and built the house; that it was a dwelling-house, and that she went down to the building occasionally while it was in process of construction. She further testifies: " I gave no direction in regard to it; we built the house to live in or rent as we saw fit; I am not acquainted with the plaintiff; I employed no one to work on the building, nor did I authorize my husband to; the plaintiff sent me notice to pay his claim or he would file a lien on the property."

Thomas C. Shepard, the husband of the appellee, testified as follows:

" I built the house myself, individually; I employed the plaintiff to do the plastering; he agreed to do it for eight cents per yard; his whole bill came to $51.62; I paid him $16—$11 in groceries and $5 in cash; I had a settlement with the plaintiff since the work was done, and we agreed on $34.62 as the amount due him; of course the defendant knew I was building the house."

We think the testimony in the case established the following facts:

1. That the appellee is the owner of the lot and house in controversy, and was the owner of the lot before and during the time the house was being built.

2. That she raised $400 and gave a mortgage on the lot to secure it.

3. That her husband, with her consent, took the $400 to build the house, and that, during its erection, she went and looked at the work, but gave no direction concerning it.

4. That she did not personally employ the appellant to work upon it, nor expressly authorize her husband to employ him.

5. That the appellant, upon a contract made with the husband of the appellee, who was a carpenter and did all the work upon the house except that which was done by the appellant, agreed to and did plaster said house, the husband agreeing to pay him for said work.

6. That within the proper time the appellant filed, and caused to be recorded in Porter county, a notice, in due form, of his intention to hold a lien upon said lot and building for the amount due him for his work.

The testimony, fairly construed, establishes the above facts; and from these facts, it seems to us, the inference follows that the house was built by the husband of the appellee for her, either as her agent or for the $400 as a contractor. The facts that she was the owner of the land on which the house was built, and that she furnished $400 with which to build it, not only forbid the idea that it was built by the husband voluntarily and without her consent, but compel the conclusion that it was built by him for her, pursuant to an understanding and arrangement with her, by which he was to construct the building for the $400, or, as her agent, take the money and erect the building for her.

If, as her agent and employee, the husband put up the building, and, in doing so, employed the appellant to plaster the house, agreeing to pay him so much for his work, the appellant is entitled to a mechanic's lien for the value of his work. This right is given by the statute, in addition to his right, secured by his contract with the husband, to look to him for pay. *Jones* v. *Pothast*, 72 Ind. 158; *Shilling* v. *Templeton*, 66 Ind. 585; *Vail* v. *Meyer*, 71 Ind. 159. Neither the fact that the contract was made with the husband, nor the fact that the latter was to pay for the work personally, will justify the inference that the appellant had abandoned the additional right to a lien given him by the statute.

If we regard the husband as having agreed to erect the house for the $400 paid by the appellee, still the appellant, having performed labor on the house, would be entitled to a lien. He who furnishes materials or performs labor for a contractor, though at his instance and upon his promise to pay, is entitled to a lien for his materials furnished or his labor performed. *Andis* v. *Davis*, 63 Ind. 17; *Crawford* v. *Crockett*, 55 Ind. 220. We think that the testimony tended to prove

and satisfactorily establish the facts stated above, and that there was no testimony legally tending to prove the contrary.

The court erred in overruling the motion for a new trial.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below·be reversed, at the appellee's costs.