## RYAN v. PARKER.

[No. 7,264. Filed May 31, 1911.]

1. ASSUMPSIT.—*Work and Materials.*—*Complaint.*—*Bills of Particulars.*—*Specificness.*—In an action of assumpsit for work done and materials furnished, a bill of particulars setting out by items the work done and the materials furnished, together with a statement of payments thereon, and deducting the sum of the payments from the total for work and materials, is sufficiently specific. p. 700.

2. PLEADING.—*Complaint.*—*Essentials.*—Allegations of a complaint which convey to the defendant full information of the facts relied

upon, and are sufficient to bar another action for the same cause, are sufficient as against a motion to make more specific. p. 701.

3. ASSUMPSIT.— *Work and Materials.— Express Contract.— Evidence.—Variance.—*In an action of assumpsit for work done and materials furnished, proof that the work was done and the materials furnished under an express contract, does not constitute a variance, assumpsit lying to recover for an amount due upon an executed express contract. p. 701.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by Irvin M. Parker against George L. Ryan. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*James S. Pritchett, W. A. Cullop* and *George W. Shaw,* for appellant.

*John Downey* and *Harry R. Lewis,* for appellee.

IBACH, J.—Appellee brought this action against appellant to recover for work performed and material furnished in constructing and repairing certain buildings and houses for him.

The body of the complaint alleges "that defendant is indebted to plaintiff in the sum of $2,340.30, for work performed for and materials furnished to said defendant by plaintiff at the request of said defendant, a bill of particulars of which is filed herewith, made a part hereof and marked exhibit A. Said work was performed and said materials were furnished in building and repairing certain buildings and houses. Said sum of $2,340.30 is just, due and wholly unpaid."

By agreement, the case was referred to Sherman G. Davenport, an attorney of the Knox county bar, to hear the evidence. He filed special findings of fact and conclusions of law, on which judgment for $1,501.78 was rendered by the court against appellant.

The errors relied on for reversal are (1) overruling the motion to require the bill of particulars to be made more definite and certain; (2) overruling the motion for a new

trial, for the reason that the finding and decision of the referee were contrary to law.

It appears from the record that the bill of particulars contains the following, omitting the caption:

"July 8, 1907.   First contract to build two-story store building......$2,800."

Immediately following this item appear eight items under the head of "extras to said building under first contract." Below this statement of extras appears the following:

"August 10, 1907.   Second contract to build two-story building .......$6,000."

Then follows itemized statement of "extras to building under second contract." Then appears:

"November 25.   Third contract.   Boiler room..$250."

Following is a statement of "extras on said boiler room."

"September 15.   Moore's store building and warehouse * * *," giving statement of items with month and year.

Then follow the names of various buildings, and itemized accounts below each, giving dates.

There appears the gross sum for the construction of the original building under the three contracts mentioned, together with extras claimed, there is an itemization of work done on the other buildings and the materials furnished therefor, the account embracing 161 items, then follows the total amount of payments made, and the difference between the two sums is alleged to be $2,340.30, which is the amount sued for.

This bill of particulars appears to be reasonably definite and certain, it names the parties, the nature and kind of work performed, the materials furnished, the buildings constructed and improved, the price of the various items

agreed upon and the value of those not agreed to, the several amounts paid, and alleges the balance due.

It is only necessary under our code that a complaint be so framed and the allegations sufficiently clear as to convey to the person sued full information of all the facts that are relied upon to recover in the action, and to bar another action upon the same set of facts.

2.

The complaint, including the bill of particulars, in the present case seems to comply with this rule, and the court did not commit error in overruling appellant's motion to require the bill of particulars to be made more definite and certain.

Without going into detail, it is set forth, in substance, among other findings of the referee, that appellant and appellee entered into certain oral agreements (designated in the bill of particulars as first, second and third contracts) by which appellee was to do certain specified building work for appellant at an agreed compensation.

3.

Appellant urges that by these findings the items in the bill of particulars, designated as first contract, second contract and third contract, are stated in the special findings to have been express agreements between the parties, and since there are no allegations in the complaint of express contracts, the finding, to the extent of these items, comprehended matters not embraced within the issues, and was therefore contrary to law.

We cannot agree with appellant in this contention. The complaint stated a good cause of action upon a common count for work, labor and material furnished, and the findings of the referee were within the issues, for it has been repeatedly held by the courts of this State, as well as of other states, that where the parties have agreed upon the compensation for labor, and it has been performed, the agreed price may be recovered under a common count for work and labor done. *Scott* v. *Congdon* (1886), 106 Ind.

268; *Peden* v. *Scott* (1905), 35 Ind. App. 370; *Board, etc.,* v. *Gibson* (1902), 158 Ind. 471; *Jenney Electric Co.* v. *Branham* (1896), 145 Ind. 314, 33 L. R. A. 395; *Shilling* v. *Templeton* (1879), 66 Ind. 585; *Brown* v. *Perry* (1859), 14 Ind. 32; *Kerstetter* v. *Raymond* (1858), 10 Ind. 199.

The findings do not show that the recovery was allowed upon a different state of facts from that alleged in the complaint, nor does there appear to be a fatal variance, but, rather, it appears that the various items set out in the bill of particulars are supported by the special finding of facts, and as the conclusions of law have been properly stated, we find no error.

The judgment is affirmed.